ENDERS v. BROOKLYN UNION ELEVATED R. CO.

(Supreme Court, Appellate Division, Second Department.  March 5, 1909.)

1. STREET RAILROADS (§ 112*)—INJURY AT CROSSING—BURDEN OF PROOF.
   In an action against a street railroad company for injury received in a street crossing collision, the burden was on plaintiff to show that he exercised due care to avoid the accident.
   [Ed. Note.—For other cases, see Street Railroads, Cent. Dig. § 228; Dec. Dig. § 112.*]

2. STREET RAILROADS (§ 99*)—CROSSINGS—CARE REQUIRED OF DRIVERS.
   If a driver's view of a street railway track which he was approaching was obscured at places, he was required to exercise greater care to see at other places, and if his view was obscured at all points he was bound to

listen more intently; that he stopped, looked, and listened half a block before reaching the crossing showing insufficient care.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. § 215; Dec. Dig. § 99.*]

Appeal from Municipal Court of New York.

Action by Hugo Enders against the Brooklyn Union Elevated Railroad Company. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before WOODWARD, JENKS, GAYNOR, RICH, and MILLER, JJ.

Francis R. Stoddard, Jr., for appellant.
Harry C. Underhill, for respondent.

MILLER, J. The defendant's tracks cross Prospect street, in the borough of Queens, at grade. The plaintiff was driving a horse, hitched to a covered milk wagon, along Prospect street, and, on attempting to cross said tracks, was struck by one of the defendant's trains, consisting of a motor and three or four passenger cars. The horse was killed.

The plaintiff testified that he stopped in the middle of the block before reaching the defendant's tracks, and looked and listened for a train. Not hearing or seeing anything, he then proceeded to drive on a walk to where the accident occurred, without, so far as appears, paying any further heed to discover the approach of a train. There is evidence tending to show that no signal was given of the approach of the train, and that, at some places, the plaintiff's view of the track in the direction from which the train came, was obstructed by buildings; but it does not appear precisely where and to what extent the view was thus obstructed, nor does it appear whether it was obstructed at the place where the plaintiff says he stopped and looked.

The burden was on the plaintiff affirmatively to show the exercise of due care on his own part. Proof that he looked in the middle of the block before reaching the crossing, and then proceeded without taking further heed, fails to satisfy this rule. If the view of the track was obscured at some places, he was required to exercise greater care to see at other places. If the view was obscured at all points, he had to listen more intently. It does not suffice that the plaintiff looked and listened at a given point. He should have looked to see. The plaintiff was familiar with that crossing.

The judgment is reversed.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event. All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes