JANE CASSIDY, as Administratrix, etc., of PATRICK J. CASSIDY, Deceased, Respondent, *v.* FONDA, JOHNSTOWN AND GLOVERSVILLE RAILROAD COMPANY, Appellant.

Third Department, March 8, 1922.

Railroads — action to recover for death of driver of motor truck caused by street car colliding with truck — contributory negligence — failure to look at point where view unobstructed constitutes contributory negligence — failure of driver of truck, which was moving slowly, to observe approaching car, which was visible for three hundred feet, was contributory negligence.

A person about to pass over a railroad crossing is under a duty to look for approaching trains at the point where his vision is unobstructed, and, in case he fails so to do, he is guilty of contributory negligence.

In an action to recover for the death of the driver of a motor truck who was killed in a collision between an interurban electric car and a truck which he was driving, it was contributory negligence on his part, as a matter of law, to fail to observe the approaching car, where it appeared that his truck was moving slowly; that his vision in the direction from which the car came was unobstructed for some

twenty feet before he reached the crossing, and that if he had looked and observed he could have seen the car approaching at a distance of at least three hundred and fifty feet.

COCHRANE, P. J., dissents.

APPEAL by the defendant, Fonda, Johnstown and Gloversville Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Montgomery on the 27th day of September, 1921, upon the verdict of a jury for $6,000, and also from an order entered in said clerk's office on the 28th day of September, 1921, denying the defendant's motion for a new trial made upon the minutes.

*Charles S. Nisbet,* for the appellant.

*Leary & Fullerton [Walter A. Fullerton* and *Edward H. Gilhouse* of counsel], for the respondent.

H. T. KELLOGG, J.:

This is an action in negligence involving a collision between an automobile truck and an electric surface railroad car of the defendant. The plaintiff has had a verdict for the death of the driver of the truck which was occasioned by the collision.

In the vicinity of the place where the accident occurred a public highway stretches easterly and westerly. Closely paralleling this highway to the south are first the west-bound and then the east-bound tracks of the defendant railroad. Again, to the south, paralleling these tracks, are first a side track of the defendant and then two spur tracks of the New York Central railroad. Between the most southerly of the two spur tracks and the main line and switch tracks of the New York Central, still farther south, is a long and fairly wide unoccupied space of ground. A private roadway, stretching from the highway on the north to the unoccupied space on the south, crosses at a right angle the five intervening tracks. This roadway was used by shippers who were accustomed to drive thereon across the tracks, and, turning west into the unoccupied space, to pull up alongside freight cars spotted on the most northerly track of the main system of the New York Central. From these cars freight was transferred by the shippers to their vehicles, or, *vice versa,* from their vehicles to the cars.

On the occasion in question the intestate of the plaintiff had driven from the highway across the five tracks, had made the right angle westerly turn into the open space, and, heading his truck to the east, had pulled up alongside a freight car standing on the first New York Central track to the south. Broom-corn in bales was transferred from the car to the truck, and was stood on end

upon the platform behind the driver's seat.  As the bales were five feet long they so obscured the vision of the driver when going east that he could see no object to the west, and had only a partial vision to the north.  It was twenty-two feet from the place where the truck was loaded to the angle where the roadway turned north. It was twenty feet from the angle across the two spur tracks and the side track to the first rail of the east-bound main track of the defendant railroad.  When the loading was completed the intestate drove his truck easterly to the angle, made the left-hand turn, and, driving north to the east-bound track, was in the act of crossing the same when his truck was hit by a limited car of the defendant railroad, coming from the west, bound easterly.  As a result of the collision the intestate came to his death.

It was the duty of the plaintiff's intestate, not merely to look for cars by turning his head and eyes to the west at places upon his journey where he had no westerly vision, but to do his looking at a time when looking would be of service.  From the freight car easterly to the angle in the roadway the intestate was wholly deprived of a westerly vision.  When his truck had made the angle and was headed in a northerly direction there was a space of twenty feet to the east-bound rail, less the distance necessary for the truck to make the turn, in traveling which an uninterrupted vision to the west of more than five hundred feet was available.  Unless the intestate looked while traveling through this open space he was guilty of contributory negligence.  Assuming the truth of testimony most favorable to the plaintiff, the intestate's truck was two feet distant from the east-bound rail when the defendant's car was one hundred and fifty feet west of the crossing.  The approaching car had been in view, therefore, while traveling a distance of three hundred and fifty feet.  The speed of the car was thirty miles an hour, while the speed of the truck, according to testimony most favorable to the plaintiff, was two miles an hour.  The car was, therefore, traveling fifteen times as fast as the truck, and covered fifteen feet to one foot traveled by the truck.  It is self-evident, therefore, that while the car made three hundred and fifty feet the truck must have made more than twenty-three feet.  This places the truck at a point to the rear of the angle in the roadway when to others than the driver of the truck the defendant's car first came into view.  Accordingly, throughout the space from the angle to the east-bound rail, in traveling which the intestate for the first time had a westerly vision, the approaching car of the defendant was always within his sight had he looked.  If the intestate looked and failed to see the car he did not look attentively and was negligent.  If he did look and, seeing the car, proceeded on his

journey to beat the car to the crossing he was equally negligent. We are aware that mathematics strictly applied to crossing cases may frequently induce an erroneous conclusion. In this instance the weight of the proof and the probabilities of the case indicate that the truck was traveling at a speed much greater than two miles an hour, and that the defendant's car was in view to others than the intestate almost from the moment when the truck began its journey to the east from its position alongside the freight car. It, therefore, seems fair to subject the most extreme proof given in support of the plaintiff's case to the test which we have applied. When the case is subjected to this test every fact given in the proof still supports the conclusion that the intestate was guilty of contributory negligence. The plaintiff must, therefore, fail in the action.

The judgment should be reversed and the complaint dismissed, with costs.

All concur, except COCHRANE, P. J., dissenting.

Judgment and order reversed and complaint dismissed.