the plaintiff, which, in this action, seeks to recover the amount paid in settlement thereof and the expenses of defense of the action from the defendant.

*Robert H. McCormic* for appellant.

*Cortland Wilber* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ.

---

JANE CASSIDY, as Administratrix of the Estate·of PATRICK J. CASSIDY, Deceased, Appellant, *v.* FONDA, JOHNSTOWN AND GLOVERSVILLE RAILROAD COMPANY, Respondent.

*Negligence — railroads — automobile truck struck by railway car at crossing — when driver of truck guilty of contributory negligence as matter of law.*

*Cassidy* v. *Fonda, Johnstown & Gloversville R. R. Co.*, 202 App. Div. 768, affirmed.

(Argued October 27, 1922; decided November 21, 1922.)

APPEAL from a judgment, entered June 7, 1922, upon an order of the Appellate Division of the Supreme Court in the third judicial department, reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint in an action to recover for the death of plaintiff's intestate alleged to have been occasioned through the negligence of defendant. The complaint alleged that defendant operated an electric railway from Amsterdam to Fonda; that at Fort Johnson on April 1, 1921, plaintiff's intestate was lawfully driving an automobile truck northerly over a public crossing on defendant's line between its Fort Johnson station and an overhead crossing from a place where merchants have been accustomed to unload their freight from the New York Central tracks; that by reason of defendant's negligence the truck which plaintiff's intestate was driving was struck by defendant's east-bound trolley car which was running at an excessive rate of speed without giving any warning of its approach, inflicting injuries upon plaintiff's intestate from which he died. The Appellate

Division held that the evidence showed that if intestate had looked he could have seen the approaching car and that if he looked and failed to see the car he did not look attentively and was negligent. If he did, look and, seeing the car, proceeded on his journey to beat the car to the crossing he was equally negligent.

*James A. Leary* for appellant.

*Charles S. Nisbet* for respondent.

Judgment affirmed, with costs, on opinion of KEL-LOGG, J., below.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.

---

In the Matter of the Accounting of the Executors of JACOB APPELL, Deceased.

AMANDA A. EVANS, Individually and as Executrix of and Trustee under the Will of JACOB APPELL, Deceased, et al., Appellants; ALBERT J. APPELL, Individually and as Executor of JACOB APPELL, Deceased, et al., Respondents.

*Executors and administrators — accounting — when taxes chargeable to income — when cost of mausoleum not chargeable against estate — allowance for counsel fees — payments on account of mortgages correctly charged to principal.*

*Matter of Appell*, 199 App. Div. 580, affirmed.

(Argued October 16, 1922; decided November 28, 1922.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered June 27, 1922, which modified and affirmed as modified a decree of the New York County Surrogate's Court settling the account of Amanda A. Evans, as executrix of and trustee under the will of Jacob Appell, deceased. The Appellate Division held that taxes not fixed in amount at the time of the death of testator were not a charge against the estate which should be paid out of capital but were a charge against the income of the year in which they were payable; that the cost of an elaborate mausoleum was not properly chargeable against