WALLACE L. RAYMER, Respondent, *v.* RUTLAND RAILROAD
COMPANY, Appellant.

Third Department, January 10, 1923.

**Railroads — action to recover for personal injuries at crossing — crossing
was close to station — no signal was given for that crossing — signals
given for station and other nearby crossings were sufficient warnings —
plaintiff was guilty of contributory negligence in approaching crossing
at speed of from ten to twelve miles per hour where view of approaching
train was obstructed.**

The plaintiff, who was injured at a railroad crossing which was only a few feet
from a station and not far from other crossings, had sufficient warning of the
approach of the train that injured him, where it appears that, though a signal
was not given for the crossing at which the accident occurred, warning signals
were given for two nearby crossings and a third signal was given for the station,
and that the signals so given were sufficient to attract the attention of several
persons near the crossing where the accident occurred who were not contem-
plating the use thereof; it was not necessary that a signal should have been
given for that particular crossing.

The plaintiff was guilty of contributory negligence, since it appears that he was
familiar with the crossing; that the approaching train could not be seen until
the plaintiff was within sixteen feet of the track, and that he approached the
crossing in his automobile at the rate of from ten to twelve miles per hour.

APPEAL by the defendant, Rutland Railroad Company, from a
judgment of the Supreme Court in favor of the plaintiff, entered
in the office of the clerk of the county of Rensselaer on the 27th
day of February, 1922, upon the verdict of a jury for $750, and also
from an order entered in said clerk's office on the same day denying
defendant's motion for a new trial made upon the minutes.

*Jarvis P. O'Brien,* for the appellant.

*John F. Murray* and *William H. Murray,* for the respondent.

HASBROUCK, J.:

This is an appeal from a judgment in favor of the plaintiff for
$846.81, entered in the Rensselaer county clerk's office February
27, 1922, on a verdict against the defendant for $750.

The action is for negligence.  The plaintiff claims that while he
was carefully crossing the tracks of the defendant on a highway
called Elm street just north of the Berlin station in the town of
Berlin, Rensselaer county, the defendant without adequate warning
ran him down and injured him.

The tracks of the defendant at the point of the accident run
north and south.  At the time of the accident the train was pro-

ceeding from the south. The Elm street crossing was 29 feet north of the station; 367 feet north of the nearest railroad crossing of a public highway; 1,120 feet north of the whistling post for that crossing; 1,457 feet north of the whistling post for the station, and 1,910 feet north of the whistling post for a highway crossing between it and the station whistling post.

The plaintiff driving from his home to the village in a Ford truck undertook to cross the railroad track at this Elm street crossing and was driving from the west into the east so that his view of a train approaching from the south was obstructed by the station, laundry and creamery buildings. He approached the track without stopping, at the rate of ten to twelve miles an hour, and did not see the train until his front wheels were on the track. He was struck on the crossing and injured.

The issue offered by the plaintiff is that no warning at all was given for the Elm street crossing. It is conceded that for it there were not blown as there had been for other highway crossings mentioned in the testimony two long and two short blasts of the whistle. That such was the claim of the plaintiff the learned trial court made plain to the jury by charging: " In approaching that crossing did the railroad company upon this day in question * * * use the same signals and the same vigilance in approaching that crossing which has been the custom of the railroad company theretofore? "

There is no claim made upon the part of the defendant that two long and two short blasts were blown for the Elm street crossing. The claim of the plaintiff as specifically made is not disputed in the evidence but the defendant does claim that the warnings given for the other highway crossings and the station were adequate for public protection at Elm street. The plaintiff tendered the issue that no notice or warnings whatever were given and that the engine approached the station and Elm street without whistling.

The evidence does not support the plaintiff in this contention. The engineer, fireman and several other employees of the defendant testified that the station whistle of one short blast and a crossing whistle of two long and two short blasts were blown and this evidence is corroborated by disinterested witnesses all located near this crossing to the extent that a whistle was blown by the approaching engine. If the character of the sounds the engine made in blowing for other crossings and the station were sufficient to arrest the attention of persons not contemplating the use of this crossing they should be held adequate for a person who was about to use it.

The point, therefore, is not whether there was a whistle blown for

this particular crossing but was there proper warning given that the train was approaching it?

No particular manner of warning is required by any statute of the State but the practice of the railroads has been to blow whistles, ring bells, erect signs, etc. What the law requires is warning — the warning of reason, prudence and responsibility. Can we say under all the circumstances that such a warning was not accorded the plaintiff? There was a station here as well as a crossing and if in the passage of the 2,232 feet between the dry bridge and the station the practice of operation was to give three separate signals for two crossings and the railroad station it would appear that reasonable care was exercised to protect the crossing immediately at the station.

Whether these warnings were especially designed for Elm street or were given without reference to it is a matter of indifference so long as adequate warning resulted.

If the train had been in clear sight no warning would be needed; if it were where the traveler could not see it any noise heralding its approach reasonably calculated to arrest a traveler's attention to the danger would be adequate. Since the evidence is overwhelming that the coming of the train over the Elm street crossing was preceded by such warning as claimed the attention of nine disinterested witnesses it should not be held that it was not given nor that it was not adequate.

We think, too, the plaintiff must fail on the issue of contributory negligence. The plaintiff had been familiar with this crossing for nineteen years and had crossed it on the morning as the accident occurred at one o'clock. As he drove south along the railroad towards the station his view of the tracks towards the south was almost wholly obstructed. He could have no opportunity of seeing to the south until he passed the side of the station building whose front was only sixteen feet from the westerly rail. He approached the place where he could first see to the south at the rate of from ten to twelve miles an hour with the track but sixteen feet away. It is no doubt the truth that his front wheels were on the track before he saw the train. Such conduct fails to square itself with the exercise of common sense and ordinary prudence. A man who drives upon a railroad track without having secured an opportunity to look in both directions before he does so and without having assured himself that he can cross in safety must be held to have taken all the chances hanging on such conduct even that of divesting himself of a remedy for any injury which might befall him. (*Bowden* v. *Lehigh Valley R. R. Co.*, 178 App. Div. 413; affd., 226 N. Y. 648; *Matutinovich* v. *New York Central R. R. Co.*,

182 App. Div. 451; *Cassidy* v. *Fonda, Johnstown & Gloversville R. R. Co.,* 200 id. 241; 202 id. 768; affd., 234 N. Y. 599; *Spencer* v. *N. Y. C. & H. R. R. R. Co.,* 123 App. Div. 789; affd., 197 N. Y. 507.)

The judgment should be reversed and the complaint dismissed, with costs.

H. T. Kellogg, Acting P. J., Kiley, Van Kirk and Hinman, JJ., concur.

Judgment and order reversed on the law and complaint dismissed, with costs.