ADDISON L. VAN WORMER, Respondent, *v.* SCHENECTADY RAILWAY COMPANY, Appellant.

Third Department, November 15, 1923.

Street railways — action to recover for injuries to plaintiff's automobile which was being driven by plaintiff's son — collision occurred at street intersection — driver's view was unobstructed for distance of several hundred feet along trolley tracks at point thirty-eight feet therefrom — driver who was familiar with locality is guilty of contributory negligence — new trial must be granted since no motion for nonsuit, dismissal of complaint or direction of verdict was made by defendant.

In an action to recover damages for injuries to plaintiff's automobile which collided with a trolley car at a street intersection, the plaintiff's son, who was driving the automobile at the time of the accident, was guilty of contributory negligence, since it appears that the view of the driver was unobstructed for several hundred feet along the trolley track from a point thirty-eight feet therefrom; that he was familiar with the locality where the accident occurred and knew also that there was a double line of trolley tracks on the street; that the accident occurred in the night time; that the trolley car was lighted and, was traveling at the rate of about twenty miles per hour and that the streets at the point of the accident were well lighted.

The complaint cannot be dismissed on appeal but a new trial must be granted, since no motion for nonsuit, dismissal of the complaint or direction of the verdict was made by the defendant at the trial.

APPEAL by the defendant, Schenectady Railway Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Schenectady on the 14th day of June, 1923, upon the verdict of a jury, and also from an order entered in said clerk's office on the 13th day of June, 1923, denying the defendant's motion for a new trial made upon the minutes.

*Naylon, Robinson, Maynard & Bates* [*Daniel Naylon* of counsel], for the appellant.

*Miller & Golden* [*John D. Miller* of counsel], for the respondent.

VAN KIRK, J.:

This is a negligence action to recover damages for injuries to the plaintiff's automobile. The plaintiff's son, George D. Van Wormer, nineteen years of age, was driving the plaintiff's automobile, in which were three persons beside himself, southerly on Glenwood avenue in the city of Schenectady about twelve-forty-five A. M. on the 19th day of August, 1922. While attempting to cross Rugby road, a public street intersecting Glenwood avenue at right angles, this automobile and a trolley car going easterly on

the defendant's track came into collision. The trolley car left the track, breaking the electric circuit and disabling the air brake, which left the car out of control. There is a dispute as to the location of the automobile after the collision; but it was on the northerly side of the trolley track on which the collision occurred. The plaintiff called but one witness to the accident, his son. When at the front line of the house, which stands at the northwest corner of Glenwood avenue and Rugby road, he says he looked in both directions and saw no trolley car coming. He did not look again, and did not see the trolley car until at the instant it struck his automobile. Nevertheless he says the trolley car was not lighted, although he had not seen it until the instant it struck him, and he was unconscious from that instant until he regained consciousness in the hospital. There is no explanation why the other occupants of the car were not called as witnesses. The evidence is substantially undisputed that the trolley car was lighted. When in Glenwood avenue, twenty feet from the northerly line of Rugby road, plaintiff's son had an unobstructed view westerly along Rugby road for five hundred or six hundred feet. The distance from the front corner of the aforesaid house to the curb is eighteen feet, to the northerly rail of the west-bound track it is twenty-eight feet and to the northerly rail of the east-bound track, on which the collision occurred, is thirty-eight feet. The motorman testified that he saw the automobile when it was about thirty feet away from him and about fifteen or twenty feet before he reached Glenwood avenue. He immediately sounded his bell, applied his brakes and attempted to stop his car; that he was proceeding about twenty miles an hour at the time. There were no passengers in the car.

Without regard to whether or not the motorman was negligent, we think the judgment must be reversed because of plaintiff's negligence. (*Cassidy* v. *Fonda, J. & G. R. R. Co.*, 200 App. Div. 241; affd., 234 N. Y. 599, on the opinion below.) A highway crossing over the tracks of an electric railroad is a dangerous place. The trolley car in its course is confined to the track; if it comes in collision with an automobile it may wreck the automobile and in turn may be derailed, as was this car. The driver of the automobile was well acquainted with the crossing; Rugby road and Glenwood avenue were well lighted and there were no obstructions to the view after passing the house at the corner to the west, from which direction the trolley car was coming. The driver of the automobile says that, when thirty-eight feet from the east-bound track, he looked in both directions and saw nothing. He did not look again and did not see this trolley car until the instant it

struck him.  Rugby road is paved with brick.  There was a space of thirty-eight feet, in which, if he had looked, he must have seen the trolley car; and, if he was going less than twenty miles an hour, as he says, he could readily have seen and stopped his automobile or controlled it in such way that he would not have come in collision with the trolley car.  Also, knowing that there was a double track on Rugby road, in which cars are frequently passing in either direction, if he was going at too high a rate of speed to be able to control his automobile and avoid a collision within a distance of thirty-eight feet, he would likewise be negligent.

Since no motion for a nonsuit, dismissal of the complaint or direction of a verdict was made, the question whether or not the complaint should be dismissed is not before us.  (*Sheehan* v. *Coffey,* 205 App. Div. 388.)

The judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

COCHRANE, P. J., HINMAN, HASBROUCK and McCANN, JJ., concur.

Judgment and order reversed on the ground that the verdict is against the weight of the evidence and new trial granted, with costs to the appellant to abide the event.