Salt City Express and Trucking Company, Inc., Appellant, *v.* New York Central Railroad Company, Respondent.

Fourth Department, June 30, 1925.

**Railroads — accident at crossing — action to recover for injuries to automobile truck — view of approaching train was obstructed — degree of care by person driving automobile differs from that of person driving horse-drawn vehicle — finding that plaintiff was not guilty of contributory negligence not contrary to evidence.**

In an action to recover damages for injuries to plaintiff's automobile truck, resulting from a collision between the truck and a train of the defendant at a railroad crossing in the city of Syracuse, in which it appears that the view of the driver of the truck was obstructed until he was within a few feet of the

track, and that he approached the track at a slow rate of speed, listened and looked both ways at the first opportunity, the finding that he was not guilty of contributory negligence is not contrary to the evidence.

The degree of care which must be exercised by a person driving an automobile over a railroad crossing where the view is in part obstructed differs somewhat from the rule to be applied in the case of a horse-drawn vehicle. The familiarity of the driver with the crossing, the speed at which the approach is made, the view to be had of the track at different points, the degree of vigilance exercised, and the presence or absence of warning signals are all elements which must be considered in determining whether a driver exercised reasonable care.

APPEAL by the plaintiff, Salt City Express and Trucking Company, Inc., from an order of the County Court of the county of Onondaga, entered in the office of the clerk of the said county on the 17th day of April, 1924, reversing a judgment of the Municipal Court of the City of Syracuse in favor of the plaintiff and granting a new trial.

*Erwin G. Nichols* [*Henry R. Follett* of counsel], for the appellant.

*Williams & Cowie* [*Daniel Scanlon* of counsel], for the respondent.

DAVIS, J.:

A judgment in plaintiff's favor in the Municipal Court of the City of Syracuse has been reversed and a new trial granted by the Onondaga County Court.

The accident out of which this action for injury to property arose occurred in the city of Syracuse at the Beech street crossing of the Chenango branch of defendant's railroad. The plaintiff's truck, operated by one Kemp, was proceeding southerly on Beech street. The defendant's train, consisting of a light locomotive, eleven freight cars and a caboose being pushed by a heavier engine backing up, was approaching the crossing from the west. A two-story brick building occupied the northwest corner adjacent to the railroad right of way. Between it and the track over which the train was proceeding were some oil tank cars standing on the siding with one very near to the highway. The exact measurements from the building to the railroad track and from the tank car to the track do not appear to be given. But the photographs and the evidence indicate that in approaching from the north the view to the west was greatly obstructed. The evidence on the part of the defendant is that at a point forty-one feet north of the north rail the view to the west was only fifty-eight feet; at thirty feet north, the view was only eighty-one feet; and at twenty-five feet north, one hundred and eighteen feet.

The evidence, while not in all respects clear and convincing, permitted the learned municipal judge to find that no adequate warnings were given either by the automatic bell at the crossing

or from the locomotive; and that the engineer on the leading locomotive was unable to control his train or bring it to a stop in time to avert the accident; that there was no proper method of communication between the front and rear engines, and those operating the pusher were in no position to discover and assist in averting the impending accident; and that the defendant was negligent.

The principal question presented here is as to whether the plaintiff's employee was guilty of contributory negligence as a matter of law; and if not, whether the finding in plaintiff's favor on this question is against the weight of evidence.

There is evidence that the driver slackened speed and shifted into second gear before he approached the track, listened, and looked both ways at the first opportunity; and that his attention was attracted to an automobile coming down a grade on the same street south of the track and approaching him. He was an experienced driver, familiar with this crossing. The court, in rendering its judgment, must necessarily have determined the question of contributory negligence in plaintiff's favor.

The degree of care which must be exercised by a person driving an automobile upon a railroad crossing where the view is in part obstructed, differs somewhat from the rule to be applied in the case of horse-drawn vehicles. The rate of speed is usually greater and more attention is required by the driver to the operation of the car, and a stop may not be made by a word of command but requires manipulation of mechanical devices. The driver must give closer attention to keeping his car in the road and to other vehicles that may be approaching. During this time he must listen for signals and look in both directions for trains. His alertness and vigilance must depend upon all these conditions. He must proceed cautiously and exercise that reasonable degree of care that the circumstances demand. This rule of due care is often determined in particular cases by the dangers that exist and the opportunities afforded him, not only by physical conditions present, but by his reliance on timely warnings he has a right to expect. (*Chamberlain* v. *Lehigh Valley R. R. Co.*, 238 N. Y. 233; *Horton* v. *New York Central R. R. Co.*, 237 id. 38; *Ticknor* v. *Pennsylvania R. R. Co.* 208 App. Div. 461.) The rule is the same in cases of personal injury or injury to property as in cases of death, though the rule of proof is different. (*Carr* v. *Pennsylvania R. R. Co.*, 225 N. Y. 44; *Martin* v. *Erie R. R. Co.*, 238 id. 627; *Shapiro* v. *New York Central R. R. Co.*, 239 id. 577.)

The familiarity of the driver with the crossing, the speed at which the approach is made, the view to be had of the track at

different points, the degree of vigilance exercised and the presence or absence of warning signals, are all elements which must be considered in determining whether the driver exercised reasonable care for his own safety or for that of the property intrusted to him. No hard and fast rule of reasonable care can be stated applicable to all cases. Each must depend upon the particular facts present on the occasion under consideration. If reasonable minds may differ, it presents a question of fact. If but one logical conclusion can be drawn, the court may pass on the question of contributory negligence as one of law. (*Barnasky* v. *New York, O. & W. R. R. Co.*, 226 N. Y. 435; *Fitch* v. *New York Central R. R. Co.*, 233 id. 356; *Bowden* v. *Lehigh Valley R. R. Co.*, 178 App. Div. 413; affd., 226 N. Y. 648; *Cassidy* v. *Fonda, J. & G. R. R. Co.*, 200 App. Div. 241; 202 id. 768; affd., 234 N. Y. 599; *Raymer* v. *Rutland R. R. Co.*, 204 App. Div. 135.)

.The learned and experienced judge who saw and heard the witnesses has determined that the evidence presented a question of fact, and has decided that the plaintiff's driver exercised the care that ordinary prudence required; and that no negligence on his part contributed proximately to the accident. We think it was a question of fact and that the conclusion reachd by the trier of fact was not so plainly against the evidence that reversal was warranted.

The order of the County Court should be reversed and the judgment of the Municipal Court affirmed, with costs.

HUBBS, P. J., CLARK, SEARS and CROUCH, JJ., concur.

Order of County Court reversed on the law and judgment of Syracuse Municipal Court affirmed, with costs in this court and in the County Court to the appellant.