JAMES J. PATANE, Respondent, *v.* UNITED TRACTION COMPANY, Appellant.

Third Department, July 1, 1925.

**Street railways — action to recover for injuries to plaintiff's motor truck, which, while crossing defendant's track, was struck by one of defendant's street cars — view of driver of motor truck was unobstructed — driver was guilty of contributory negligence.**

In an action to recover damages for injuries to plaintiff's motor truck, which, while it was being driven across one of defendant's tracks, was struck by a street car, the verdict in favor of the plaintiff on the question of contributory negligence is contrary to the evidence, since it appears from an exhibit that the view of the driver of the truck was unobstructed for nearly thirty feet before he reached the trolley track, though he testified to the existence of an obstruction to his view.

COCHRANE, P. J., dissents in part.

APPEAL by the defendant, United Traction Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Albany on the 17th day of October, 1924, upon the verdict of a jury for $2,770, and also from an order entered in said clerk's office on the 17th day of November, 1924, denying defendant's motion for a new trial made upon the minutes.

*Charles P. Jones* [*J. S. Carter* of counsel], for the appellant.

*Henry J. Crawford,* for the respondent.

McCANN, J.:

The plaintiff's truck was being driven by Charles Shear who was experienced in the operation of automobiles and trucks. He was going northerly on Euclid avenue in the city of Albany and when crossing the defendant's trolley track, located on the southerly side of Western avenue, which avenue runs in a general easterly and westerly direction, he collided with a west-bound trolley car of the defendant. This action was brought for damages to the truck. The day in question was clear and bright. The road was dry and well paved. The driver was familiar with the location where the accident occurred and had been over it the same day. He knew that the trolley car passed there frequently and that it was a single track. The truck he was driving was twenty feet long and was empty. The speed of the truck did not change from the time he saw the trolley car until the collision occurred. The brakes were in good condition. The driver testified that he could have stopped the truck within five feet while going at the speed under which it was then being operated. On the right-hand side of Euclid avenue as the driver of the truck was approaching Western avenue, there was a house in course of construction. North of the house and eleven feet distant therefrom was a small building or tool shanty which stood within ten feet of the line of Western avenue and thirty-eight feet from the south side of the trolley track. The witness Shear (the only witness sworn for plaintiff as to the cause of the accident) testified that at a point thirty feet from the first rail of the track his view was somewhat obstructed by " trees and stuff " but plaintiff's Exhibit 3 taken at that point positively disputes such testimony. It shows a clear and unobstructed view for several hundred feet and the civil engineer who made the map testifies that at the same point (thirty feet) a trolley car can be seen for a distance of six hundred feet to the east. Shear also testified that as he passed the shanty he looked toward the east and saw the trolley car coming " quite a distance away." His estimate is about three hundred feet. He looked again when

the front of his truck was about fifteen feet from the nearest rail of the trolley track during all of which time the car was in full view of the witness. The trolley car, therefore, was seen or could have been seen thirty-eight feet from the south rail. The truck was going about four miles an hour. The truck was struck almost as soon as it reached the track and about five feet from its front end. The witness estimated the speed of the trolley car to be thirty miles an hour. The driver testified that " I was looking all the while." He said that he thought he had plenty of time. It is unnecessary to discuss the question of negligence of the defendant as the only ground upon which such negligence could be predicated would be that of the speed of the car which was estimated by the trolley motorman to be twelve miles an hour. The testimony of the plaintiff shows a clear case of contributory negligence.

In *Van Wormer* v. *Schenectady Railway Company* (207 App. Div. 7) this court held that " the driver of the automobile says that, when thirty-eight feet from the east-bound track, he looked in both directions and saw nothing. He did not look again and did not see this trolley car until the instant it struck him. * * * There was a space of thirty-eight feet, in which, if he had looked, he must have seen the trolley car; and, if he was going less than twenty miles an hour, as he says, he could readily have seen and stopped his automobile or controlled it in such way that he would not have come in collision with the trolley car. Also, knowing that there was a double track on Rugby road, in which cars are frequently passing in either direction, if he was going at too high a rate of speed to be able to control his automobile and avoid a collision within a distance of thirty-eight feet, he would likewise be negligent."

By a coincidence the distance of view in the case at bar and in the case above cited was thirty-eight feet. In the present case he actually saw or could have seen the car while traveling the entire thirty-eight feet and in the *Van Wormer* case it is suggested that he was guilty of contributory negligence for not seeing the car within the same distance.

In *Cassidy* v. *Fonda, Johnstown & Gloversville R. R. Co.* (200 App. Div. 241; 202 id. 768; affd., 234 N. Y. 599) it is said: " If the intestate looked and failed to see the car he did not look attentively and was negligent. If he did look and, seeing the car, proceeded on his journey to beat the car to the crossing he was equally negligent." In that case the unobstructed view of the plaintiff's intestate was only twenty feet. (See, also, *Johncox* v. *N. Y. State Railways*, 236 N. Y. 575; *McGuire* v. *N. Y. Railways Co.*, 230 id. 23, which says: " It may very well be he thought

he could get across the tracks before the car reached him, and that the motorman also believed he would do so, but if so, each made a mistake. The evidence which establishes the negligence of one equally establishes the negligence of the other, and to permit a jury, under such circumstances, to say that the plaintiff's injuries were caused *solely* by the negligence of the defendant is to predicate a verdict upon pure speculation.")

The judgment and order appealed from should be reversed and the complaint dismissed, with costs.

All concur, except COCHRANE, P. J., who votes for reversal and a new trial on the ground of an error in the charge.

Judgment and order reversed on the law and complaint dismissed, with costs.