MABEL J. BRINKERHOFF, as Administratrix, etc., of FRED T. BRINKERHOFF, Deceased, Appellant, v. THE PENNSYLVANIA RAILROAD COMPANY, Respondent.

Fourth Department, November 7, 1935.

*Arthur VD. Chamberlain,* for the appellant.

*Harold J. Adams* [*Percy R. Smith* of counsel], for the respondent.

TAYLOR, J. Decedent's automobile while being driven by him southerly across defendant's railroad track at grade in the daytime was struck by defendant's train and decedent was killed. On the trial plaintiff was nonsuited on the ground that the proof showed contributory negligence in decedent as a matter of law. The railroad crossed the highway at an angle northeasterly and southwesterly, the highway running northerly and southerly. The train, consisting of an electric car, a baggage car and one coach, was being backed across the highway from the southwest. The coach was the northerly or rear car, nearest to decedent, and the motive car was on the southerly end farthest from the highway. On the side of the highway from which the train came the railroad ran near to and substantially parallel with the highway, then turned rather abruptly and across the highway. There was sufficient testimony to raise a question of fact as to decedent's negligence. The record shows that a truck approached decedent from the south or opposite direction to that in which decedent was driving and swerved toward him when about on the railroad track and before decedent's car had reached the track. A witness in an automobile about seventy-five feet behind decedent testified that it was difficult to tell whether the train (backing substantially directly toward the witness as he neared the track) " was going or coming." There was no affirmative testimony that decedent did not look or take other precautions — contrary to the situation in *Schrader* v. *N. Y., C. & St. L. R. R. Co.* (254 N. Y. 148). In *Cassidy* v. *Fonda, J. & G. R. R. Co.* (200 App. Div. 241; affd., 234 N. Y. 599, cited in the opinion of our Mr. Justice CROSBY in *McCowan* v. *Lehigh Valley R. R. Co.,* 232 App. Div. 446) there was affirmative testimony as to the distance of the car and the truck from the crossing when the occupants of each could first see each other and the surrounding circumstances differed radically from those here involved.

Unless there is no possible hypothesis forbidding the imputation of contributory negligence as a matter of law (*Nicholson* v. *Greeley Square Hotel Co.*, 227 N. Y. 345, 349), this judgment should be reversed. Decedent was not required to look at any particular time or place and no one can say that he did not look in ample time, nor that when he looked he saw anything more than the end of a railway coach which might be coming or going or standing still, the baggage and electric cars being hidden from his view, nor can it be said that his attention was not immediately drawn to the oncoming truck swerving toward him before he reached the track, so that he was not required to look again to his right. Decedent's exercise of care should have been submitted to the jury " unless it appears that the uncontradicted proof of his own negligence is so certain and convincing that no reasonable mind could reach the conclusion that he had been careful, even though a verdict in his favor would be set aside as against the weight of evidence." (*Seyford* v. *Southern Pacific Co.*, 216 N. Y. 613, 615.) It did not so appear.

The judgment and the order, insofar as it denies the motion for a new trial on the minutes, should be reversed on the law and a new trial granted, with costs to appellant to abide the event, on the ground that the testimony does not affirmatively show contributory negligence in decedent as a matter of law. (*McCowan* v. *Lehigh Valley R. R. Co.*, supra; *Chamberlain* v. *Lehigh Valley R. R. Co.*, 238 N. Y. 233.) This determination renders consideration of that part of the order which denies a motion for a new trial upon the ground of newly-discovered evidence, unnecessary.

All concur, except EDGCOMB and CROSBY, JJ., who dissent and vote for affirmance in an opinion by EDGCOMB, J. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and CROSBY, JJ.

EDGCOMB, J. (dissenting). As I am unable to concur in the judgment about to be rendered by this court, I deem it proper to state the reasons which have led me to differ with the majority of my associates.

I am not unmindful of the fact that the burden rests upon the defendant to show that the decedent was guilty of contributory negligence, and that the plaintiff must be given the benefit of every reasonable inference to be drawn from the evidence.

It is true that the record is barren of any direct evidence that the decedent did not look for a moving train as he approached the fatal crossing on the morning in question. But to my mind the evidence leaves but one conclusion, and that is that plaintiff's intestate either failed to look as he neared the tracks, or that he saw the advancing train and attempted to beat it over the crossing.

In either case he would be guilty of negligence, and his representative could not recover.

It is well established that the contributory negligence of a decedent can be established by showing conditions and surroundings which clearly exclude all possibility of care on his part. (*Cassidy* v. *Fonda, J. & G. R. R. Co.*, 200 App. Div. 241; affd., 234 N. Y. 599.) I think that we have such a situation here.

The accident in question happened around ten-forty-five on the morning of February 15, 1934. It was a bright, clear day. The road was clear of ice and snow. Decedent's eyesight and hearing were perfect. He lived within a short distance of the crossing, and had been familiar with the locality all his life. For over two hundred and fifty feet as he approached the tracks he had a clear and unobstructed view of the oncoming train, had he looked in that direction, with the exception of one blind spot for a foot or two behind a pole. The slightest turn of his head would have enabled him to see up the track for a considerable distance. The law charged him with the duty of looking as he approached this known place of danger to see that the way was clear, and that it was safe to proceed; this was no formality or idle gesture; he was bound to look intelligently for the purpose of seeing what was within his line of vision, so that he might be guided by what he saw. True, he was not required to look at any particular time or place, but he was called upon to look where the looking would do some good, so that his observation would be of some avail if danger was imminent. This duty was not properly discharged unless he looked to see. (*Enders* v. *Brooklyn Union El. R. R. Co.*, 131 App. Div. 170; *Cassidy* v. *Fonda, J. & G. R. R. Co.*, 200 id. 241; affd., 234 N. Y. 599.)

The law will not permit him to say that he looked when the train was within plain sight, and that he did not see it. Such statement would be incredible as a matter of law. (*Dolfini* v. *Erie R. R. Co.*, 178 N. Y. 1; *McAuliffe* v. *N. Y. C. & H. R. R. R. Co.*, 88 App. Div. 356; affd., 181 N. Y. 537.)

I am not impressed with the suggestion that, because the train was backing up with the coach in front of the engine, decedent might have looked and thought that the car was stationary, or was going ahead. It is common knowledge that trains back as well as go forward. The evidence shows that the train was traveling at the rate of from fifteen to twenty miles an hour; one witness says from fifteen to twenty miles, and the other from twenty to twenty-five. It was nearing the crossing twenty-two and one-half to thirty-seven and one-half feet every second. It is hardly conceivable, nay, it is impossible, for a prudent and careful observer, under such circumstances, to fail to perceive the direction in which

the train was moving. In my opinion it cannot be said that a casual, dreamy or fleeting glance, so hurried that it failed to reveal the direction in which an object, going fifteen to twenty-five miles an hour, was moving, complies with the rule governing the conduct of a traveler on the highway approaching a place of danger.

It is true that circumstances may arise which would excuse a traveler on the highway if he relaxed his vigilance as he approached a railroad crossing. It is claimed that just such an event occurred here, due to the fact that two trucks were approaching from the opposite direction, and that they diverted decedent's attention for a moment, and justified him in forgetting temporarily the ever present danger which lurks at a railroad crossing. The evidence shows that decedent was traveling about twenty-two miles an hour. When he was from one hundred to one hundred and twenty-five feet from the tracks, a truck traveling at a rapid rate of speed passed him on its own side of the highway. No danger was to be apprehended from that incident, and it did not warrant him from relaxing his vigilance as he approached the crossing. Just as he was about to cross the tracks, a second truck reached the crossing, and swerved to its left and toward decedent. This incident might well have attracted his attention for the moment, and, had it happened before decedent reached the tracks, and at a point where he might otherwise have been expected to look for an approaching train, a jury would doubtless have been justified in exculpating him from the charge of negligence, if he had failed to perform his whole duty. A man's conduct is always to be judged by the surrounding circumstances. But here decedent was practically on the tracks at the moment this second truck made the sudden and unexpected movement. One of plaintiff's witnesses says that when the truck cleared the crossing both decedent and the train were " right there on the crossing." It can hardly be said that plaintiff's intestate was justified in choosing as the one spot where he should turn his head to look for an approaching train a point where he was practically on the tracks; especially is that so when he was traveling twenty-two miles an hour, and was nearing the point of danger thirty-three feet every second. He cannot be heard to say that an emergency at that particular moment excused him in not looking before, when he had every opportunity to do so, and when that precaution would have revealed the approaching train, and enabled him to avoid the collision.

The facts in this case are far different from those in *McCowan* v. *Lehigh Valley R. R. Co.* (232 App. Div. 446), so largely relied upon by appellant, and the illustration used in the concurring opinion has no application to the facts in the instant case.

I think that the evidence fully warrants the conclusion that plaintiff's intestate was guilty of contributory negligence as a matter of law, and justifies the nonsuit granted by the trial court. I favor the affirmance of the judgment appealed from.

CROSBY, J., concurs.

Judgment and order reversed on the law and a new trial granted, with costs to the appellant to abide the event.