In the Matter of the Application of ELLA BROOKS, Petitioner, for an Order of Certiorari against EDWARD P. MULROONEY and Others, as Commissioners, Constituting the State Liquor Authority, Respondents.— Determination confirmed and order of certiorari dismissed, with fifty dollars costs and disbursements. All concur. (Proceeding in certiorari to review determination of defendant in revoking liquor license.) Present — Sears, P. J., Edgcomb, Thompson, Lewis and Cunningham, JJ.

HELEN W. CURTIS and Another, as Administrators, etc., of ALFRED W. CURTIS, Deceased, Respondents, v. HARRY NEUMARK, Appellant, and CELIA NEUMARK, Defendant.— Judgment affirmed, with costs. All concur. (The judgment is for plaintiff in an action on a promissory note.) Present — Sears, P. J., Edgcomb, Thompson, Crosby and Cunningham, JJ.

In the Matter of the Estate of NATHAN GOLDBERG, Deceased.— Order of April 9, 1936, reversed on the facts as a matter of discretion, with ten dollars costs and disbursements payable out of the estate, and order granted to reopen the accounting of September 28, 1934, fully and for all purposes, without costs. Order of March 30, 1936, reversed, without costs. Memorandum: The first accounting herein was based upon uncertain and inaccurate data, and the estate was managed in an informal manner, and the accounting was reopened only partially and for a reaccounting as to one item only. We think the best result will be obtained by having the whole account restated by the surrogate. All concur. (One order dismisses objections to the account of the executor and the other order denies a motion to vacate order ratifying and confirming a decree settling the account.) Present — Sears, P. J., Edgcomb, Thompson, Crosby and Cunningham, JJ.

In the Matter of the Administration of the Estate of JOHN E. GARLAND, Deceased, by the GENESEE VALLEY TRUST COMPANY, as Temporary Administrator.— Order affirmed, with ten dollars costs and disbursements. Memorandum: The trust for which provision was made in the agreement of August 13, 1930, was for the life of John E. Garland only and a reversion and not a remainder was reserved in John E. Garland. (Doctor v. Hughes, 225 N. Y. 305.) The devolution of the property after the death of John E. Garland was by virtue of the laws of the State of New York for the descent and distribution of decedent's property and of this the surrogate had exclusive jurisdiction. All concur. (The order denies application of trustee to vacate that part of an order which directs him to turn over trust property to the temporary administrator.) Present — Sears, P. J., Edgcomb, Thompson, Crosby and Lewis, JJ.

MABEL J. BRINKERHOFF, as Administratrix, etc., of FRED T. BRINKERHOFF, Deceased, Respondent, v. THE PENNSYLVANIA RAILROAD COMPANY, Appellant.— Judgment and order affirmed, with costs. All concur, except Edgcomb and Crosby, JJ., who dissent and vote for reversal on the law and dismissal of the complaint for the reasons stated in the dissenting opinion on the former appeal (245 App. Div. 561). (The judgment awards plaintiff damages for death of intestate in a grade crossing accident. The order denies motion for a new trial on the minutes.) Present — Sears, P. J., Edgcomb, Thompson, Crosby and Lewis, JJ.