GENESEE VALLEY TRUST COMPANY, as Administrator, etc., of JOHN E. GARLAND, Deceased, Plaintiff, *v.* ARTHUR M. NEWBORN, Defendant.

Supreme Court, Monroe County, September 1, 1938.

*Chamberlain, Page & D'Amanda [Arthur V. D. Chamberlain* of counsel], for the plaintiff.

*Block & Smith [Franklin H. Smith* of counsel], for the defendant.

LAPHAM, J.    This is a motion addressed to the amended summons and the amended complaint which seeks:

*First.*    An order striking out the amended summons and complaint against the defendant as an individual on the ground that they do not comply with an order previously entered in the action dismissing the original complaint against the defendant as an individual.

*Second.*    An order dismissing the amended complaint under rule 106 of the Rules of Civil Practice on the ground that it fails to state facts sufficient to constitute a cause of action against the defendant as an individual.

*Third.*    An order dismissing the amended complaint under rule 106 of the Rules of Civil Practice on the ground that it fails to state facts sufficient to constitute a cause of action against the defendant as trustee under a trust agreement between John E. Garland and Arthur M. Newborn, dated August 13, 1930, and an amendment thereto.

*Fourth.*    An order under rule 90 of the Rules of Civil Practice requiring the plaintiff to serve an amended complaint which shall separately state and number the facts constituting the alleged cause of action against the defendant as trustee for an accounting

under the express trust and the facts constituting an alleged cause of action for the cancellation of such trust.

*Fifth.* An order under rule 102 of the Rules of Civil Practice directing the plaintiff to bring in certain designated parties defendant who are alleged to be necessary parties.

*Sixth.* An order under rule 103 of the Rules of Civil Practice striking out certain paragraphs in the amended complaint alleged to be frivolous, irrelevant, prejudicial and having a tendency to delay a fair trial in the event the amended complaint states a cause of action for an accounting by the defendant as trustee.

*Seventh.* An order under rule 103 of the Rules of Civil Practice striking out certain paragraphs in the amended complaint which are alleged to be frivolous, irrelevant, prejudicial and having a tendency to delay a fair trial in the event the amended complaint states a cause of action for cancellation of the trust.

*Eighth.* An order for such other and further relief as the court may deem just and proper.

The amended summons and complaint were served in accordance with a decision and order made by me on a motion by the defendant to dismiss the original summons and complaint on the ground that a cause of action for an accounting could not be stated against a person in his individual capacity. The amendments are now attacked because in designating the defendant individually and as trustee they are claimed to violate the terms of the order previously granted in this action.

I am convinced that neither the terms of the order nor the authorities cited in the opinion on the motion directed to the original summons and complaint (167 Misc. 220) preclude the joinder of the defendant in this action in his individual capacity. The primary relief sought by the amended complaint is a compulsory accounting by the defendant as trustee under a trust agreement whether valid or void and in order to allege a cause of action for an accounting it was essential, as those authorities held, that the action be brought against the defendant in his fiduciary capacity. But the complaint, as incidental to the cause of action for an accounting, contains allegations of a breach of trust on the part of the defendant trustee and seeks to impose individual liability in the event that the accounting shows negligence in the administration of the trust. An accounting involves not only a statement of debits and credits by the trustee, but also responding to any liability incurred on account of losses negligently sustained in the management of the trust fund. (*Farmers' Loan & Trust Co.* v. *Pierson,* 130 Misc. 110, 120.) If the plaintiff is able to sustain

these allegations in the amended complaint, the defendant must respond as an individual and the authorities already mentioned, which are headed by *Leonard* v. *Pierce* (182 N. Y. 431), do not, in my judgment, bar the prosecution of this action against the defendant individually and as trustee. In any event, equity can grant full relief because it can act directly upon the defendant and need not rely upon an execution for the enforcement of its judgment.

The order, moreover, does not in terms forbid the retention of the defendant in his individual capacity. The order directed the dismissal of the summons and complaint against the defendant individually, " subject to the leave hereinafter granted," and this leave permitted the plaintiff to serve " such amended complaint against the defendant as the aforesaid trustee as the plaintiff may be advised, but *reserving to the defendant individually* and as such trustee any and all of his rights with respect to such amended complaint to be served as aforesaid." (Italics mine.) The reservation of rights in the defendant individually is vitally significant in this connection because it is eloquent of the conclusion that it was open to the plaintiff at his election to name the defendant as an individual as well as a trustee. Since the rule is well established that a party sued in his individual capacity is not concluded by a judgment obtained against him in his representative capacity (*Leonard* v. *Pierce, supra*), the rights reserved to the defendant individually could not, in conformity with this principle, be asserted in an action where the defendant was sued solely as trustee.

The propriety of the joinder of the defendant as an individual is sanctioned by the striving of courts of equity to avoid a multiplicity of suits and to reach a speedy determination of the issues on the merits. To compel the plaintiff to prosecute an action for an accounting to judgment and, if the accounting should reveal a basis for a surcharge, to force him to institute another action against the defendant if he wants complete relief, would be to place the plaintiff in a situation from which the broad and flexible powers vested in the courts by the Civil Practice Act were intended to deliver him. (*Husted* v. *Thomson*, 158 N. Y. 328; *Bosworth* v. *Allen*, 168 id. 157; 1 Am. Jur. [Accounts], § 63.)

The amended complaint on its face contains allegations which are sufficient to bring into play the supple powers of courts of equity to which Judge VANN adverted in *Husted* v. *Thomson* (*supra*, at p. 335): " It is the peculiar province of that court to supervise the execution of trusts, the distribution of trust property and the conduct of trustees in managing trust estates. With all interested persons before it, its decrees protect all interests and enforce all

rights. It is not confined to an execution for the enforcement of its judgments, but with its varied and plastic process can compel performance of the precise act that the situation required."

The defendant also assails the amended complaint for failure to state facts sufficient to constitute a cause of action for an accounting against the defendant trustee and contends that the plaintiff as administrator has no right to an accounting from the defendant. The answer to this question depends upon whether the interest created by the trust agreement, after the beneficial life estate in Garland, the settlor of the trust, was a reversion in the grantor or a remainder which vested directly in the distributees or in the legatees and devisees of the settlor upon the execution of the trust deed. The determination of the nature of this interest is vital because upon it depends the solution of the question whether the plaintiff as administrator has the right to call upon the defendant trustee for an accounting and the question whether Sarah Garland, Mary G. Niles, Florence Newborn and the People of the State of New York are necessary parties in the action. If the legal title to the corpus of the estate after Garland's death was in his estate, the defendant must account to the plaintiff administrator and if, on the other hand, the trust indenture created an estate in remainder in these designated parties, the defendant trustee must account directly to them and not to the plaintiff.

The Appellate Division of the Fourth Department, on an appeal from an order denying the application of the defendant trustee to vacate an order directing him to turn over certain trust property to the plaintiff which was then serving as temporary administrator, has already decided that an estate in reversion was reserved by the settlor and that the distributees of John Garland took by devolution from him and not directly from the trust indenture. (*Matter of Garland,* 249 App. Div. 923.) It is unnecessary to decide on this motion whether this decision is binding on the distributees of the settlor and upon the trustee because I am convinced that the interpretation placed upon the trust deed by the Appellate Division is correct whether it was beyond the power of that court to make such determination or not.

An analysis of the trust agreement reveals that a trust of personal property and a trust of a certain farm owned by the settlor were created for the duration of the life of John E. Garland. Upon his death the farm was to pass to his heirs at law if he should die intestate or to the devisees under his will, and the personal property was to pass to his distributees if he should die intestate or to the legatees under his will. On the death of the trustee during the life of the settlor, the personal and the real property were to revert

to the settlor, and, in any event, the trustee was bound to return the property to the settlor three months after a written request for such return was made by him.

The nature of an estate created by a trust deed after a life use for the benefit of the grantor is dependent upon the intention of the creator of the trust (*Whittemore* v. *Equitable Trust Co.*, 250 N. Y. 298), and in ascertaining that intention a direction that the residue of an estate shall pass under the will of the settlor or under the laws relating to intestacy has generally been recognized as evidence of an intention to create a reversion and not a remainder. (*Davies* v. *City Bank Farmers Trust Co.*, 248 App. Div. 380; *Doctor* v. *Hughes*, 225 N. Y. 305; *Berlenbach* v. *Chemical Bank & Trust Co.*, 235 App. Div. 170; affd., 260 N. Y. 539; *Engel* v. *Guaranty Trust Co. of New York*, 254 App. Div. 119.)

In *Davies* v. *City Bank Farmers Trust Co.* (*supra*) the court, in construing a trust deed which was similar in its provisions to the trust agreement in the present case, said (at pp. 382, 383):

" Here, the words of limitation respecting the disposition of the balance after the cessation of the life estate merely provide for the same disposition as would have occurred had the words not been used. The settlor directed that the balance of the estate was to go (1) to a specific appointee in her will; or (2) to pass under the residuary clause therein; or (3) according to the laws of this State relating to intestacy.

" This evinces an intention to reserve in the settlor the balance of her estate after the cessation of the beneficial life estate. There was thus created not a remainder, but a limitation or a reversion. (*Doctor* v. *Hughes*, 225 N. Y. 305; *Livingston* v. *Ward*, 247 id. 97; *Cruger* v. *Union Trust Co.*, 173 App. Div. 797.) "

These cases decisively establish the interest created after the beneficial life use as a reversion in Garland. The course which the settlor directed the property to take after his death was the course which the property would have taken in the absence of such direction. The settlor was careful to retain a wide measure of control over the corpus of the trust for under the agreement he was authorized to make a demand for the return of the property with which the trustee was bound to comply and the property was to revert to the settlor upon the death of the trustee before him.

The principal of the trust after Garland's beneficial life estate was, therefore, an asset of the estate which the plaintiff administrator was under a duty to preserve and protect. Sarah Garland and the other persons associated in interest with her as distributees do not take directly under the trust indenture but take by devolution from the decedent and the representative of the estate is the proper party to compel an accounting from the trustee.

The right of the administrator to demand an accounting of the personal property from the trustee cannot be disputed because the law is well settled that the title to personal property vests in the legal representative of the decedent at the time of his death. (*Blood* v. *Kane*, 130 N. Y. 514, 517.) Nor can the right of the administrator to exact an accounting of the real property be successfully challenged. Although at common law an administrator possessed no authority over real property by virtue of his office (*Dunning* v. *Ocean National Bank of New York*, 61 N. Y. 497, 501), the administrator under modern statutes does have some rights which are paramount to those held by the persons to whom the title to the realty directly descends. The administrator can sell real property for the purpose of paying debts, funeral and administration expenses (Surr. Ct. Act, § 234), and he is vested with the power to possess and manage the decedent's real property and to collect the rentals derived from it. (Dec. Est. Law, § 123.) Here, the administration of the estate is not completed and the administrator under these conditions cannot know with any certainty prior to an accounting whether he will be compelled to exercise any of these statutory rights. Under these circumstances the administrator has such an interest in the property that he can call the defendant trustee to account.

The other points urged by the defendant on this motion do not require extended comment. The amended complaint does not contain any express allegations stating a cause of action for cancellation of the trust and the prayer for judgment does not ask for that relief. It contains only a single cause of action for an accounting from the defendant trustee and for a breach of trust under a trust agreement whether valid or void. An accounting can be demanded from a trustee whether he is an express or a constructive trustee. (*Bosworth* v. *Allen*, 168 N. Y. 157; *Gillies* v. *Gillies*, 239 App. Div. 582; 1 C. J. pp. 621, 622.) The plaintiff cannot, therefore, be compelled to separate the facts constituting a cause of action for an accounting from any facts upon which a cause of action for cancellation of the trust may rest.

The defendant also seeks an order striking from the amended complaint paragraphs " 5th " to " 13th," inclusive, " 15th," " 17th," " 18th " and " 20th " on the ground that these paragraphs are irrelevant and bear no substantial relation to establishing the plaintiff's right to an accounting. It is the contention of the defendant that most of these paragraphs may be material to surcharging the account after an accounting has been ordered by an interlocutory judgment but that they have no place in a complaint before the right to an accounting has been determined.

The case of *Moore* v. *Rienhardt* (132 App. Div. 207) and the reference to volume 4 of Carmody's New York Practice which are relied upon by the defendant do not condemn the inclusion of these paragraphs in the amended complaint because these authorities deal with matters of evidence or with the scope of examinations of the defendant before trial in an accounting action. If the defendant's argument were accepted as valid, the effect would be to compel the plaintiff to prepare a complaint confined solely to allegations establishing his right to an accounting and, subsequently, to serve another complaint confined to objections to the account after his right to an accounting had been established. The law does not contrive such a procedural pitfall for a suitor seeking equitable relief.

While all of these designated paragraphs may not in a rigid and technical view be relevant and material, they are not seriously prejudicial to the defendant and they do fill in the outlines and penumbra of the picture to enable a court of equity to grant the full and complete relief which the facts may justify. In view of the stipulation of plaintiff's counsel, however, that paragraph " 18th " does not state a cause of action in conversion against the defendant, this paragraph should be eliminated from the amended complaint and the complaint deemed amended accordingly.

The motion of defendant to dismiss the amended summons and complaint and for other alternative relief as enumerated above is denied, without costs, except to the extent indicated in this decision.

Let an order enter accordingly.