The trial court permitted the jury to find in this case that the defendant was guilty of negligence in not giving proper signals of the approach of its engine to the crossing whereon intestate was killed. It further held that plaintiff was not to be charged with the negligence of the driver of the wagon wherein her intestate was riding and further charged without objection that the jury might find that the boy who was killed was eithersui juris or non sui juris and instructed them that in the latter case they were to determine whether intestate's parents were negligent in permitting him to be where he was and that in the former case they were to exact as against the plaintiff from her intestate that degree of care and caution which a child of his age would ordinarily exercise.
On this appeal there are urged as reasons for the reversal of the judgment, first, that the defendant owed no duty of care towards those traveling over the private right of way whereon intestate was riding when killed; second, that both the driver and the intestate were guilty of such negligence, *Page 433 
that of the former being imputable to the latter, as to bar a recovery; third, that the defendant was guilty of no negligence.
We have been beset by no doubts in overruling the arguments in behalf of appellant based on all of the grounds thus stated except the last one, and in respect to that we think the learned counsel for the appellant is correct.
The important omission of care alleged against the defendant is that the bell on the engine was not rung as it approached the crossing. Various employees of the defendant, some of whom were charged with a duty in respect thereto, testified positively that the bell operated automatically and that it rang constantly as the engine approached the crossing. Several witnesses were sworn in behalf of the plaintiff for the purpose of establishing that it did not ring until after the accident and the witness in each case did testify that he did not hear the bell ring before the accident. On further examination, however, such witness invariably testified in substance that he did not listen for the bell, and that his attention was not in any way directed at the time to the question whether it was or was not ringing, and also made it clear that he was not in such a position that he probably must have heard the bell if it did ring. Thus each witness at the close of his examination made it appear that his failure to hear the bell ring did not occur under such circumstances as to fairly indicate that it did not in fact ring. Under these circumstances and in the presence of positive testimony by credible witnesses that the bell did ring, the evidence was insufficient. (Culhane
v. N.Y.C. H.R.R.R. Co., 60 N.Y. 133.) In that case it was written: "The evidence is that the bell was rung. It is proved by the positive oath of the two individuals on the engine, one of whom rang it, and by two others who witnessed the occurrence and heard the ringing of the bell. The two witnesses for the plaintiff merely say they did not hear the bell, but they do not say that they listened or gave heed to the presence or absence of that signal. The judge in his charge, says they listened, but the statement is not borne out by the evidence. *Page 434 
As against positive, affirmative evidence by credible witnesses to the ringing of a bell or the sounding of a whistle, there must be something more than the testimony of one or more that they did not hear it, to authorize the submission of the question to the jury. It must appear that they were looking, watching and listening for it, that their attention was directed to the fact, so that the evidence will tend to some extent to prove the negative." (p. 137.)
For these reasons the judgment must be reversed and a new trial granted, costs to abide event.
CULLEN, Ch. J., GRAY, HAIGHT, WERNER and CHASE, JJ., concur; WILLARD BARTLETT, J., dissents.
Judgment reversed, etc.