## TOMPKINS v. BARNES.

(Supreme Court, Appellate Division, Second Department. June 29, 1911.)

1. NEGLIGENCE (§ 80*)—RIGHT OF ACTION.
    Absence of contributory negligence is as much a part of the cause of action as the negligence of defendant.
    [Ed. Note.—For other cases, see Negligence, Cent. Dig. § 84; Dec. Dig. § 80.*]

2. MUNICIPAL CORPORATIONS (§ 706*)—USE OF STREETS.
    In an action for injuries to plaintiff's automobile in a collision with defendant's horse, the question of plaintiff's contributory negligence *held* one for the jury.
    [Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 706.*]
    Hirschberg, J., dissenting.

Appeal from Westchester County Court.

Action by Theodore F. Tompkins against Howard P. Barnes. Appeal by plaintiff from a judgment in favor of defendant, and from an order denying a motion for a new trial. Affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

James Dempsey, for appellant.
Eugene F. McKinley, for respondent.

WOODWARD, J.  The plaintiff brought an action in Justice's
Court in the town of Yorktown, Westchester county, to recover dam-
ages alleged to have been sustained by his Pope-Toledo automobile by
reason of a collision with a horse being ridden by the defendant.  The
action resulted in a judgment in favor of the plaintiff for $125.  Sub-
sequently the defendant appealed to the County Court, where a new
trial was had before a jury, and this trial resulted in a verdict of no
cause of action, on which judgment was entered, dismissing plain-
tiff's complaint with costs.  The plaintiff appeals to this court from
the judgment and from an order denying his motion for a new trial.

The facts, as they appear from the evidence, indicate that the plain-
tiff, with his son, started in an automobile along a highway in the town
of Yorktown; that they had proceeded but a short distance, when the
defendant appeared mounted upon a mustang pony which was running
along the westerly side of the highway, which was on his left hand,
coming toward the plaintiff; that at this time the plaintiff was upon
the easterly side of the center of the road, which was on his left hand,
driving toward the defendant, so that each of them was on the wrong
side of the highway.  The defendant was some 200 or 300 feet away
at the time the plaintiff discovered him, and the plaintiff insists that
he turned his car to the right and ran it over to the extreme right-hand
side of the highway, where the defendant's horse came into collision
with the fender, and threw the defendant into the automobile, the
horse landing on top of the radiator and doing damages to the extent
of $200 or $300.  Upon this appeal the plaintiff urges that the defend-
ant's negligence was established, and that the verdict of the jury is
against the weight of evidence, and we are inclined to agree with him
upon this point.  On the question of contributory negligence, however,
the plaintiff is silent; and, as absence of contributory negligence is
as much a part of the cause of action as the negligence of the defend-
ant, we are unable to acquiesce in the proposition that the judgment
should be reversed.  The evidence clearly shows that the plaintiff was
on the westerly side of the highway, upon his left hand, when the
defendant came into view, the latter upon the easterly side of the high-
way, on his left hand, as he approached.  There was no presumption
that the horse would change his course, and the plaintiff was not in
danger to remain on his left-hand side of the street as he was going.
Instead of keeping to his course, he testifies that he crossed over to
his right-hand side of the street, directly in the path of the oncoming
horse, and the situation thus presented the question for the jury
whether this was exercising that reasonable degree of care which the
law demands as a condition of recovery.  The jury has found that the
plaintiff is not entitled to recover, and it may well be that, in consider-
ing the evidence, they reached the conclusion that the plaintiff, al-
though, generally speaking, he is entitled to be upon the right-hand
side of the highway, was not called upon, in the exercise of reasonable

care, to get to the right-hand side of the road in the face of this horse, which, according to the testimony, was being ridden recklessly along the highway. The plaintiff, after seeing the horse, left a place of safety, and ran into the course of the horse, and it was for the jury to determine whether this was prudent or not under all of the circumstances.

The judgment and order appealed from should be affirmed, with costs.

JENKS, P. J., and BURR and RICH, JJ., concur. HIRSCHBERG, J., dissents.