MARY E. CAMPBELL, Respondent, *v.* RICHMOND LIGHT AND RAILROAD COMPANY, Appellant.

Second Department, January 11, 1918.

**Street railroads — negligence — contributory negligence — injury to person waiting for car by fall caused by her umbrella catching against car going in opposite direction — evidence — right of motorman to assume that adult will not come nearer to track — Highway Law, relating to rules of road, not applicable to street railroad.**

In an action against a street railway company it appeared that the plaintiff, standing under a bright light in the roadway in the usual place to board a car and holding an umbrella low to cover her hat, caught the same against the side of a car going in the opposite direction and was thereby caused to fall.  Evidence examined, and

*Held,* that the plaintiff was guilty of contributory negligence and that the complaint should be dismissed;

That as the plaintiff was an adult, the defendant's motorman had the right to assume that she would not step any nearer to the track.

The Highway Law, section 332, providing as a rule of the road that vehicles turn to the right of the center, does not apply to a street railroad.

APPEAL by the defendant, Richmond Light and Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Richmond on the 24th day of April, 1917, upon the verdict of a jury for $10,000, and also from an order entered in said clerk's office on the 25th day of April, 1917, denying defendant's motion for a new trial made upon the minutes.

*Frank H. Innes* [*Bertram G. Eadie* with him on the brief], for the appellant.

*Don R. Almy* [*William S. Evans* with him on the brief], for the respondent.

PER CURIAM:

When the west-bound Castleton avenue car came near to Burger avenue, the motorman saw plaintiff standing under a bright light in the roadway in the usual place to board an east-bound car. He had no reason to look for danger, as plaintiff was not crossing over, and would naturally keep away from such a west-bound car. This could be rightfully assumed, especially that an adult would not step any nearer to the single car track. (*Matulewicz* v. *Metropolitan Street R. Co.,* 107 App. Div. 230.) But when the motorman saw plaintiff turn and diagonally approach the track, he sounded his gong, put on the air brake, and reversed the current, but plaintiff's umbrella caught against the side of the car. It turned her around, and caused her to fall. She was to blame for letting her umbrella catch against the car. Holding it low to cover her hat, and her preoccupation in looking the other way, account for her not seeing the lighted car, or hearing its alarm bells. If the verdict imports a finding that the gong was not rung, it stands against the affirmative evidence of many disinterested witnesses, without counter testimony from persons watching and listening for such

signals, so that their attention was so directed that they might, to some extent, prove the negative. (*Foley* v. *N. Y. C. & H. R. R. R. Co.*, 197 N. Y. 430.) The Highway Law (Consol. Laws, chap. 25; Laws of 1909, chap. 30), section 332, declaring as the rule of the road that vehicles turn to the right of the center, does not apply to such a street railroad. (*Whitaker* v. *Eighth Avenue R. R. Co.*, 51 N. Y. 295.)

The judgment and order should be reversed and the complaint dismissed, with costs.

JENKS, P. J., THOMAS, MILLS and PUTNAM, JJ., concurred; RICH, J., voted for a new trial.

Judgment and order reversed and complaint dismissed, with costs. Order to be settled before Mr. Justice PUTNAM.