BERNHARDT BEHRENS, an Infant, by MARTIN BEHRENS, His Guardian ad Litem, Respondent, *v.* THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant.

MARTIN BEHRENS, Respondent, *v.* THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant.

Third Department, November 11, 1926.

Railroads — crossing accidents — actions by infant plaintiff and by father to recover for injuries suffered by infant when automobile truck being driven by him was struck by one of defendant's locomotives — contributory negligence — infant plaintiff could have seen approaching train for eight hundred feet when he was thirty-five feet from track — train was traveling at forty-five miles per hour and truck at eight miles per hour — infant was guilty of contributory negligence.

In an action by an infant to recover for injuries suffered when the automobile truck which he was driving was struck by one of defendant's locomotives at a railroad crossing, and in an action by his father, the infant plaintiff was shown to have been guilty of contributory negligence, since it appears that the train was proceeding at a rate of about forty-five miles per hour and the automobile truck at about eight miles per hour, and that the infant could have seen for a distance of eight hundred feet in the direction in which the train was approaching when he was thirty-five feet from the track. The evidence shows that the infant did not look or if he looked he did not look attentively.

APPEAL by the defendant in each of the above-entitled actions from a judgment of the Supreme Court in favor of the respective plaintiffs, entered in the office of the clerk of the county of Ulster on the 22d day of January, 1926, upon the verdict of a jury in the first case for $1,000, and in the second case for $500, and also from orders entered in said clerk's office on the 21st day of January, 1926, denying defendant's motion in each action for a new trial made upon the minutes.

*Amos Van Etten,* for the appellant.

*George D. Aranow,* for the respondents.

H. T. KELLOGG, J.    This action was brought on behalf of Bernhardt Behrens, an infant, to recover damages for personal injuries sustained by him through a collision between an automobile which he was driving and a locomotive operated by the defendant.    The scene of the collision was the intersection of a highway known as the "New Hurley and Wallkill Road" in Ulster county and the defendant's main line of track.    The highway runs east and west and the defendant's tracks run north and south.    Fifty feet east of the track a road from the north turns into the highway.    This road comes down from the easterly side of a creamery station which stands on the easterly side of defendant's switch track, which parallels its main track on the east.    This building is 175 feet long.    Its southerly end is about 200 feet from the Wallkill highway.    Bernhardt Behrens, a lad under sixteen years of age, drove a Ford truck, containing empty milk cans, down the road from the creamery, turned right into the Wallkill road and was in the act of crossing the defendant's tracks, going west, when a locomotive pulling a train came down from the north, struck the Ford truck with the result that Bernhardt Behrens was thrown out and more or less seriously injured.    After a trial of the issues before a jury a verdict of $1,000 in favor of the plaintiff was rendered and judgment thereupon was entered.

We think that the evidence conclusively establishes that Bernhardt Behrens was guilty of negligence contributing to his injury. It is not disputed that a person standing in the Wallkill highway twenty-five feet from the easterly rail would have an uninterrupted view of the track to the north for a distance of one thousand eight hundred feet; that a person standing thirty-five feet from the rail could see an approaching locomotive for a distance of eight hundred and sixty-nine feet to the north.    The map introduced in evidence shows that at a point fifty feet away a man could see an object upon the track for a distance of nearly three hundred feet. The train was traveling at the rate of forty-five miles an hour, and the truck at the rate of eight miles an hour.    It thus appears that under ordinary conditions Bernhardt Behrens in driving the fifty feet from the point where the creamery road turned into the highway to the defendant's tracks could at all times have seen the approaching train.    There is testimony that an empty box car stood on the switch to the west of the creamery.    However, the testimony and the map show that, even with a car placed at the point where witnesses swore it stood, Bernhardt Behrens,

at a point thirty-five feet from the track, could have seen up the track for more than three hundred and fifty feet. His father was at the scene of the accident within a few minutes after its occurrence, at a time when the box car must have been on the switch, if it was there at all when the accident occurred. He testified that at a point fifteen feet from the track he could see the track to the north for a distance of half a mile. In any view of the proof, Bernhardt Behrens, for a distance of thirty-five feet from the track, could have seen the approaching train, if he had wished. It is clear that he could not have looked, or that if he looked at all he could not have looked attentively. In thus failing to look he was clearly guilty of contributory negligence.

The judgment and order in each case should be reversed and the complaint dismissed.

All concur.

In each case: Judgment and order reversed on the law, with costs, and complaint dismissed, with costs.