Prepared by State Reporter from Appeal Papers

HIGGINBOTHAM-BAILEY-LOGAN COMPANY, Respondent, *v.* ANDREW W. MELLON, Director-General of Railroads, Appellant.

*Carriers — railroads — action to recover for failure to deliver goods shipped — defense of failure to give notice as required by bill of lading.*

*Higginbotham-Bailey-Logan Co.* v. *Mellon,* 216 App. Div. 806, affirmed.

(Argued November 30, 1926; decided December 31, 1926.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 7, 1926, affirming a judgment in favor of plaintiff entered upon a verdict. The action was to recover for non-delivery of goods shipped over the Lehigh Valley railroad at New York for delivery at Dallas, Texas. The defense was failure to comply with a provision in the bill of lading requiring notice within six months after a reasonable time for delivery of the goods had elapsed.

*Clifton P. Williamson* and *H. S. Ogden* for appellant. *Charles Adkins Baker* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MCLAUGH-LIN, CRANE, ANDREWS and LEHMAN, JJ.

---

LIDA M. ALLEN, as Administratrix of the Estate of THOMAS G. ALLEN, Deceased, Respondent, *v.* ERIE RAILROAD COMPANY, Appellant.

*Negligence — railroads — crossing accident — driver of automobile killed by train while crossing tracks — when guilty of contributory negligence.*

*Allen* v. *Erie R. R. Co.,* 217 App. Div. 714, reversed.

(Argued November 30, 1926; decided December 31, 1926.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered June 8, 1926, affirming a judgment in favor of plaintiff entered upon a verdict in an action to recover

for the death of plaintiff's intestate alleged to have been occasioned through the negligence of defendant. Intestate was killed as a result of a collision between one of defendant's locomotives and an automobile which he was driving across the defendant's tracks at the Tifft street crossing in the city of Buffalo. It appeared from the evidence that observation as intestate approached the tracks should have disclosed to him the on-coming train.

*John W. Ryan* for appellant.

*Hamilton Ward* for respondent.

Judgments reversed and complaint dismissed, with costs in all courts on the ground that plaintiff's intestate was guilty of contributory negligence as matter of law.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

CARROLL BUILDING CORPORATION, Appellant, *v.* LOUIS GREENBERG PLUMBING SUPPLIES, INC., et al., Respondents, Impleaded with Others.

*Conspiracy — action to recover for alleged conspiracy to compel a builder to pay an excessive price for installation of plumbing.*

*Carroll Bldg. Corp.* v. *Greenberg P. Supplies, Inc.*, 216 App. Div. 268, affirmed.

(Submitted November 30, 1926; decided December 31, 1926.)

APPEAL from a judgment, entered April 8, 1926, upon an order of the Appellate Division of the Supreme Court in the second judicial department, reversing a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term and directing a dismissal of the complaint. The action was to recover for an alleged conspiracy by defendants, respondents, who were respectively a plumbers' supply firm and plumbing contractors, to compel plaintiff, a builder, to pay an excessive price for installation of plumbing in buildings it was erecting by filing a conditional sales contract and 'mechanics' liens against said property.