ALFREDA SCHRADER, as Administratrix of the Estate of CARL F. SCHRADER, Deceased, Appellant, *v.* NEW YORK, CHICAGO AND ST. LOUIS RAILROAD COMPANY, Respondent.

(Argued May 13, 1930; decided June 13, 1930.)

*Frank J. Fitzpatrick* for appellant. The question of the defendant's negligence was for the jury. (*Richardson* v. *N. Y. C. R. R. Co.*, 45 N. Y. 846; *Dyer* v. *Erie R. R.*

*Co.*, 71 N. Y. 228; *Petrie* v. *N. Y. C. R. R. Co.*, 63 App. Div. 473; 171 N. Y. 638; *Cordell* v. *N. Y. C. R. R. Co.*, 70 N. Y. 119; *Greany* v. *L. I. R. R. Co.*, 101 N. Y. 419; *Ehrmann* v. *Nassau Electric R. R. Co.*, 23 App. Div. 21; *Schron* v. *S. I. R. R. Co.*, 16 App. Div. 111; *Schuster* v. *Erie R. R. Co.*, 145 App. Div. 71; 205 N. Y. 564; *Heintz* v. *N. Y. C. R. R. Co.*, 149 App. Div. 217; *Bohmiger* v. *Campbell*, 154 App. Div. 879.) The question of the contributory negligence of the deceased should have been left to the jury. (*Bowers* v. *N. Y. C. R. R. Co.*, 251 N. Y. 526; *Chamberlain* v. *Lehigh Valley R. R. Co.*, 238 N. Y. 233; *Horton* v. *N. Y. C. R. R. Co.*, 237 N. Y. 38; *Elias* v. *Lehigh Valley R. R. Co.*, 226 N. Y. 154; *Baker* v. *Lehigh Valley R. R. Co.*, 248 N. Y. 241; *Carr* v. *Pennsylvania R. R. Co.*, 225 N. Y. 44; *Hoffman* v. *N. Y. C. R. R. Co.*, 241 N. Y. 539.)

*Evan Hollister* for respondent. The court was right in directing a verdict for the defendant on the ground that the plaintiff's intestate was guilty of contributory negligence as a matter of law in failing to look or slow down while driving over the last fifty feet, where his view of the approaching train was clear and unobstructed. (*Allen* v. *Erie R. R. Co.*, 244 N. Y. 542; *Cassidy* v. *Fonda, Johnston & Gloversville R. R. Co.*, 234 N. Y. 599; *Barnasky* v. *N. Y., O. & W. Ry. Co.*, 226 N. Y. 435; *Fitch* v. *N. Y. C. R. R. Co.*, 233 N. Y. 356; *La Goy* v. *Director General of Railroads*, 231 N. Y. 191; *Raymer* v. *Rutland R. R. Co.*, 204 App. Div. 135; *Bowers* v. *N. Y. C. R. R. Co.*, 251 N. Y. 526; *Chamberlain* v. *Lehigh Valley R. R. Co.*, 238 N. Y. 233.) The unimpeached testimony of the disinterested witness Cusick, coupled with the unobstructed view within fifty feet of the crossing, established the contributory negligence of the plaintiff's intestate as a matter of law. (Abbot's Civil Jury Trials [3d ed.], 614; *Elwood* v. *Western Union*, 45 N. Y. 549; *Dolan* v. *Delaware & Hudson Canal Co.*, 71 N. Y. 285.)

*Per Curiam.* This is an action for causing death by negligence at a railroad crossing. Deceased, traveling on the highway, approached the crossing in a Chevrolet automobile at a slow rate of speed, and drove onto the tracks without looking in either direction. Taking the credible evidence most favorable to plaintiff, deceased could not, within the range of safety, have an unobstructed view of the tracks for any considerable distance to the east until he came within twelve to fifteen feet of the rails when he would have to look over his shoulder to see them. He was struck by a west-bound train which gave no signal warning of its coming. The complaint has been dismissed on the ground that deceased was guilty of contributory negligence as matter of law.

The burden of proof of contributory negligence in death cases is and has been since September 1, 1913 (*Sackheim* v. *Pigueron*, 215 N. Y. 62), upon the defendant. (Civ. Pr. Act, § 265.) The question is ordinarily one for the jury (*Chamberlain* v. *Lehigh Valley R. R. Co.*, 238 N. Y. 233) but not invariably. (*Castle* v. *Director-General of Railroads*, 232 N. Y. 430; *Allen* v. *Erie R. R. Co.*, 244 N. Y. 542.) The change in the rule as to the burden of proof is not a change in the substantive law and does not alter the measure or duty of proper care. If it does not appear whether or not the deceased exercised proper care when approaching the crossing, or if the proofs are equally balanced, the defendant fails to bear the burden of proof imposed upon it. Such is the substance of the statutory change in the common-law rule. Except for the shifting of the burden of proof, the rule is the same as in cases of personal injury not resulting in death.

As a person approaches a railroad crossing in a vehicle he must reduce his speed to a limit which is reasonably safe under the circumstances and conditions and then proceed cautiously and carefully with the vehicle under complete control; *and he must employ his senses of hearing and sight to avoid danger. (Horton* v. *N. Y. C. R. R.*

*Co.*, 237 N. Y. 38, 47; *Fitch* v. *N. Y. C. R. R. Co.*, 233 N. Y. 356.) If no warning is given of the approach of the train, silence may at times suggest some relaxation of vigilance but not an entire absence thereof, as where a traveler has looked where he could see from a proper viewpoint, and is not required to look again immediately before proceeding onto the tracks. (*Carr* v. *Pennsylvania R. R. Co.*, 225 N. Y. 44, 47.) These are circumstances which may make it proper to submit the case to the consideration of the jury. But when one, familiar with the crossing, as deceased was, is heedless of ordinary precautions in a place which he knows to be dangerous, no question remains for a jury to pass on. The evidence in this case points conclusively to a total lack of care on the part of the deceased. If he had looked at a proper viewpoint he would have seen the approaching train in time to avoid the accident. (*Miller* v. *N. Y. C. R. R. Co.*, 226 App. Div. 205; affd., 252 N. Y. 546; *Barnasky* v. *N. Y., O. & W. Ry. Co.*, 226 N. Y. 435.)

Each case is governed by its own conditions and circumstances. No two crossing accidents are identical. In the *Chamberlain Case (supra)* the driver was unfamiliar with the crossing and the angle of approach on the highway made it difficult for him to look for trains in both directions on two double-tracked roads. He was held only to the duty of doing the best he could and he was looking and listening. In other cases, deceased looked as best he could and could see but a short distance. (*Horton* v. *N. Y. C. R. R. Co.*, *supra*.) No change in the law was made but well-understood principles were applied in these cases.

This court has never adopted or been influenced by the " stop, look and listen " rule which was carried to such an extreme in *B. & O. R. R. Co.* v. *Goodman* (275 U. S. 66, 70) as to suggest a duty to stop and get out of one's vehicle to look up and down the tracks at a dangerous crossing before proceeding. Our rule of con-

duct is not standardized but it has been stated repeatedly, as in the *Horton Case* (*supra*). One who approaches any crossing, at any time, or under any circumstances, without taking any precautions for his safety, is guilty of contributory negligence as matter of law.

Deceased plainly took no precautions adequate for his protection at the crossing where he was struck.

The judgment should be affirmed, with costs.

CARDOZO, Ch. J., POUND, LEHMAN,. KELLOGG and O'BRIEN, JJ., concur; CRANE and HUBBS, JJ., dissent.

Judgment affirmed.