MICHAEL W. CROUGH, as Administrator of the Estate of DONALD CROUGH, Deceased, Respondent, *v.* NEW YORK CENTRAL RAILROAD COMPANY, Appellant.

DANIEL P. CROUGH, as Administrator of the Estate of D. FRANCIS CROUGH, Deceased, Respondent, *v.* NEW YORK CENTRAL RAILROAD COMPANY, Appellant.

ALICE R. PERRY, as Administratrix of the Estate of HELEN E. PERRY, Deceased, Respondent, *v.* NEW YORK CENTRAL RAILROAD COMPANY, Appellant.

228

(Argued October 24, 1932; decided November 22, 1932.)

*Frank H. Hiscock* and *Daniel Scanlon* for appellant. The decedents were each guilty of contributory negligence as a matter of law. (*Schrader* v. *N. Y. C. & St. L. R. R. Co.*, 254 N. Y. 148; *Allen* v. *Erie R. R. Co.*, 244 N. Y. 542; *Brown* v. *D. & H. R. R. Co.*, 231 App. Div. 570; *Miller* v. *N. Y. C. R. R. Co.*, 226 App. Div. 205; 252 N. Y. 546; *LaGoy* v. *Director-General of Railroads*, 231 N. Y. 191.)

*Richard P. Byrne* for respondents. In view of the public nature and user of the crossing in question the defendant owed to decedents the duty of exercising reasonable care in the movement of its trains approaching

and passing over the crossing. (*Byrne* v. *N. Y. C. R. R. Co.*, 104 N. Y. 362; *Barry* v. *N. Y. C. R. R. Co.*, 92 N. Y. 289; *Nicholson* v. *Erie R. R. Co.*, 41 N. Y. 525; *Sutton* v. *N. Y. C. R. R. Co.*, 66 N. Y. 243; *Morris* v. *L. S. & M. S. R. R. Co.*, 24 Wkly. Dig. 160; *Surfi* v. *S. I. R. T. R. Co.*, 123 N. Y. 645; *Portage* v. *N. Y. C. R. R. Co.*, 134 App. Div. 827; *Cranston* v. *N. Y. C. R. R. Co.*, 57 Hun, 590; 125 N. Y. 724; *Lamphear* v. *N. Y. C. R. R. Co.*, 194 N. Y. 172; *Canstantino* v. *Natson*, 219 N. Y. 443; *Barrett* v. *Brooklyn Heights Ry. Co.*, 231 N. Y. 605; *Lande* v. *L. & S. Const. Co.*, 181 N. Y. Supp. 493; *Beck* v. *Carter*, 68 N. Y. 283; *Larmon* v. *Crown Point*, 101 N. Y. 391; *Morrison* v. *Hotel Rutledge*, 193 N. Y. Supp. 428; *Shepard* v. *Lehigh Valley R. R. Co.*, 132 N. Y. Supp. 46.) The trial court properly submitted to the jury the question of the negligence of the defendant and the contributory negligence of the decedents. (*Carr* v. *Pennsylvania R. R. Co.*, 225 N. Y. 44; *Lambertson* v. *D. & H. R. R. Co.*, 250 N. Y. Supp. 340; *Baker* v. *Lehigh R. R. Co.*, 248 N. Y. 131; *LaGoy* v. *Director-General of Railroads*, 231 N. Y. 191; *Hoag* v. *N. Y. C. R. R. Co.*, 111 N. Y. 199; *Schuck* v. *N. Y. C. R. R. Co.*, 251 N. Y. Supp. 564; *Buffalo* v. *D., L. & W. R. R. Co.*, 190 N. Y. 84; *Mt. Vernon* v. *N. Y. C. R. R. Co.*, 232 N. Y. 309; *Bond* v. *Schenectady Ry. Co.*, 251 N. Y. 315; *Elias* v. *Lehigh R. R. Co.*, 226 N. Y. 154; *Salt City* v. *N. Y. C. R. R. Co.*, 213 App. Div. 371; *Martin* v. *Erie R. R. Co.*, 238 N. Y. 627; *Shapiro* v. *N. Y. C. R. R. Co.*, 239 N. Y. 577; *Maroiano* v. *S. I. R. R. Co.*, 244 N. Y. 387; *Payne* v. *Troy & Boston R. R. Co.*, 83 N. Y. 572; *Spitzer* v. *N. Y. C. R. R. Co.*, 211 App. Div. 332; *Massoth* v. *Pres. of D. & H. Canal Co.*, 64 N. Y. 524; *Lane* v. *Atlantic R. R. Co.*, 111 Mass. 136; *Weber* v. *N. Y. C. R. R. Co.*, 58 N. Y. 451; *Davis* v. *N. Y. C. R. R. Co.*, 47 N. Y. 400; *Hackford* v. *N. Y. C. R. R. Co.*, 53 N. Y. 654; *Casey* v. *N. Y. C. R. R. Co.*, 78 N. Y. 518; *Reynolds* v. *N. Y. C. R. R. Co.*, 58 N. Y. 248.)

POUND, Ch. J.   This is a railroad crossing case in which four young people met their death while riding in a Ford roadster driven by Francis Crough.   On Sunday afternoon, July 1, 1928, shortly after five o'clock, in broad daylight, the car was struck by a New York Central train at a crossing which was not a public highway crossing but which was a crossing over a road freely used by travelers to and from a group of summer cottages on Cayuga lake to connect with the State highway.   The duty of care at such a crossing might be found to be the same as at a public highway crossing.   (*Byrne* v. *N. Y. C. & H. R. R. R. Co.*, 104 N. Y. 362.)   The train was composed of an engine and sixteen empty Pullman cars going west on the Auburn branch of the New York Central. The highway crossed the tracks at right angles.   Notwithstanding the evidence of surveyors and photographers to the contrary, the jury might have found that the view of the railroad at the crossing was obstructed by trees and underbrush until one gets right on the tracks.   The train was going thirty to forty miles an hour, was coasting, and the jury might have inferred that it gave no signals to indicate its approach.   (*Foley* v. *N. Y. C. & H. R. R. R. Co.*, 197 N. Y. 430.)   Several of plaintiffs' witnesses testify that they heard the rumble of the train some distance away, but the jury was not bound to take the noise of the approaching train as an adequate warning to relieve the defendant from the charge of negligence. The car was struck near the middle, showing that the train and the car reached the crossing at about the same time.   Francis and his passengers were guests at a summer cottage or camp on the lake.   They were going to take a photograph of the old Cayuga station nearby. They knew of the existence of the railroad crossing as they had to go over it to reach the cottage where they were staying and Francis had driven over it before on the day of the accident.   Gladys Tongan, one of the girls, is not represented in this case.

The only eye witness of the accident who watched the car as it approached the crossing was Paul Woods, the locomotive fireman. On the first trial he said nothing about the conduct of the occupants of the automobile. On this trial he testified that none of them looked toward the engine at any time. The jury was not bound to accept his evidence on this point.

On a former trial verdicts were directed against two of the plaintiffs in this case. The Appellate Division (229 App. Div. 340, 341) ordered a new trial on the ground that there was no testimony affirmatively showing contributory negligence and that there was at least, a " possible hypothesis [of careful conduct] based on the evidence " which would not permit a finding of contributory negligence as a matter of law. (*Chamberlain* v. *Lehigh Valley R. R. Co.*, 238 N. Y. 233, 235.)

This was a bad crossing, a blind crossing, where the tracks could not be seen as one approached it except as one was crossing the Lehigh tracks, when they were visible for a moment. The driver of the car had to negotiate his car up over the Lehigh tracks, then down, then up over the Central tracks. The degree of rise before going on to the tracks made it necessary to approach with the car in low or second gear.

The driver had to give attention to his car but it is difficult to suggest a " possible hypothesis based on the evidence " which would exonerate him of the charge of contributory negligence. He was heedless of ordinary precaution in a place which he must have known to be dangerous or he would not have driven on the tracks immediately in front of the train. If he had checked the speed of his car and looked right and left before he went on the tracks, the conclusion is inevitable that he might have avoided the accident. If he had used his senses of hearing and sight and proceeded cautiously and carefully (*Horton* v. *N. Y. C. R. R. Co.*, 237 N. Y. 38, 47) he would not have failed to sense the approach

of the train. He could not, except at his own risk, drive on the railroad track, relying on not having seen a train or heard a signal and taking no further precaution. If the crossing is dangerous, the care should be commensurate with the obvious risk. Francis knew when he went on the tracks that if a train came along before he got across the car would be hit and that he and his companions might be killed. Could it be said that under any hypothesis arising from and based on the evidence he did all that he could do to avoid danger? The evidence in this case points to a total lack of care on the part of the driver. (*Schrader* v. *N. Y., C. & St. L. R. R. Co.*, 254 N. Y. 148.)

In the case of the passengers, the evidence does not demonstrate that they were not in the exercise of ordinary care for their own safety; that they did not call the attention of the driver to the approaching train or otherwise clear themselves from fault. There is no evidence which speaks one way or the other with reference to their contributory negligence. They may have given warning and their warning may have been unheeded. They may have seen the danger and thought that interference would be dangerous. (*Baker* v. *Lehigh Valley R. R. Co.*, 248 N. Y. 131, 136; *Nelson* v. *Nygren*, 259 N. Y. 71.) The judgments in their cases must stand. In death cases the burden of proof is on the defendant (Civ. Prac. Act, § 265) and the jury must decide when the evidence presents an issue of fact.

In the case of Francis Crough the judgment of the Appellate Division and that of the Trial Term should be reversed and the complaint dismissed, with costs in all courts. In the cases of Donald Crough and Helen Perry the judgments should be affirmed, with costs.

CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur; CROUCH, J., not sitting.

Judgment accordingly.