CHARLES E. GRANT and Others, Respondents, v. A. C. GIBSON & COMPANY, INCORPORATED, and GIBSON PROPERTIES, INCORPORATED, Appellants, Impleaded with Other Defendants.— Judgment affirmed, with costs. All concur.

ANNA BELL McCOWAN, as Administratrix, etc., of JAMES McCOWAN, Deceased, Respondent, v. LEHIGH VALLEY RAILROAD COMPANY, Appellant.*— Judgment and order affirmed, with costs. All concur, except Edgcomb, J., who dissents and votes for reversal on the law, and for dismissal of the complaint, on the ground that plaintiff's intestate has been shown guilty of contributory negligence as matter of law. The present record shows that the physical surroundings, as shown on the photographs, were the same as those which existed on the day of the accident, and that there was nothing to divert the attention of either decedent from the crossing, with which both were familiar. That being so, the objection to the former judgment, as indicated in the concurring opinion in McCowan v. Lehigh Valley R. R. Co. (232 App. Div. 446, 449), has been overcome, and for the reasons therein stated I think that there can be no recovery here. (See, also, Crough v. N. Y. C. R. R. Co., 260 N. Y. 227; Schrader v. N. Y. C. & St. L. R. R. Co., 254 id. 148; Cassidy v. Fonda, Johnstown & Gloversville R. R. Co., 200 App. Div. 241; affd. on opinion of Kellogg, J., in 234 N. Y. 599; Miller v. N. Y. C. R. R. Co., 226 App. Div. 205; affd., 252 N. Y. 546; Fitch v. N. Y. C. R. R. Co., 233 id. 356; Castle v. Director-General of Railroads, 232 id. 430; Behrens v. N. Y. C. R. R. Co., 218 App. Div. 446; Allen v. Erie Railroad Co., 244 N. Y. 542.)

JENNIE CHRISTIE, as Administratrix, etc., of LEIGH CHRISTIE, Deceased, Respondent, v. LEHIGH VALLEY RAILROAD COMPANY, Appellant.*— Same decision as in companion case last above.

ROSE STUART, Respondent, v. ANGE DRAKULICH and Another, Defendants, and RUSSELL PLATT, Appellant.— Judgment and order reversed on the facts and a new trial granted, with costs to the appellant to abide the event, on the ground that the finding of the jury of negligence contributing to the accident on the part of the defendant Platt is against the weight of the evidence. All concur.

MARIANNE STUART, an Infant, etc., Respondent, v. ANGE DRAKULICH, Defendant, Impleaded with CHARLES DRAKULICH, Respondent, and RUSSELL PLATT, Appellant.— Judgment and order reversed on the facts and a new trial granted, with costs to the appellant to abide the event, on the ground that the finding of the jury of negligence contributing to the accident on the part of the defendant Platt is against the weight of the evidence. All concur.

JULIA WILSON, Respondent, v. INTERNATIONAL RAILWAY COMPANY, Appellant. — Judgment and order reversed on the facts and a new trial granted, with costs to the appellant to abide the event, on the ground that the verdict of the jury as to the defendant's negligence contributing to the accident is against the weight of the evidence. All concur.

HOWARD WILSON, Respondent, v. INTERNATIONAL RAILWAY COMPANY, Appellant.— Judgment and order reversed on the facts and a new trial granted, with costs to the appellant to abide the event, on the ground that the verdict of the jury as to the defendant's negligence contributing to the accident is against the weight of the evidence. All concur.

LAURA PARK COLBY, Respondent, v. WILLIAM P. WYNNE, Appellant.— Judgment and order affirmed, with costs. All concur, except Sears, P. J., and Crosby, J., who dissent and vote for reversal on the facts and for granting a new trial

* Affd., 262 N. Y. 569.