Helen Dumala, as Administratrix, etc., of Alexander Dumala, Deceased, Respondent, *v.* Long Island Railroad Company, Appellant.

Second Department, November 2, 1934.

*John R. Vunk* [*Joseph F. Keany* with him on the brief], for the appellant.

*Ralph Weller* [*J. Irving Weissman* with him on the brief], for the respondent.

Per Curiam. Plaintiff's intestate was killed by an oncoming freight train while he was crossing the defendant's tracks on First avenue, Bay Shore, Suffolk county. The defendant at the close of the plaintiff's case rested without offering any proof, and a verdict for plaintiff was rendered. There were three tracks, the most northerly of which was the one on which the freight train

approached, going westerly. The other two tracks were for passenger train traffic. The decedent was crossing the tracks from the south to the north. Just prior to his attempted crossing, a passenger train passed the crossing, west bound. To the east of the crossing there was a sharp bend in the tracks, which bend, when looked at from the crossing, turned in a southeasterly direction. To the south of the tracks was stationed a flagman or watchman, who, on the approach of the passenger train, stood in the center of the street with a " stop " sign. After the passenger train had passed to the west, the watchman left the center of the street and went over to its westerly side, so that he did not signal wayfarers — amongst whom was the decedent — of the oncoming freight train, which approached the crossing without whistle or bell. A crossing bell located to the south of the tracks likewise was not ringing as the freight train approached. It was conceded that the decedent, riding across these tracks on his bicycle, was on the west-bound passenger track, or the center track of the three tracks, when the freight train approached the bend. It was further conceded that when the decedent was struck by the freight train he had almost cleared the northerly rail of the northerly track on which the freight train was approaching. We think that plaintiff's case sufficed to establish a *prima facie* case of negligence in the absence of proof by the watchman as to his movements, and by the engineer and fireman of the approaching train as to signals, if any, given by them. This view applies also to the silence, at the time, of the crossing bell.

Despite the statute which places the burden of proof in a death case upon the defendant (Civ. Prac. Act, § 265; Dec. Est. Law, § 131), the defendant contends that the proof adduced on plaintiff's behalf established the decedent's contributory negligence as matter of law. That the defendant in such a case may avail itself of affirmative proof of contributory negligence arising out of plaintiff's own proofs is undoubtedly the law. (*Porter* v. *New York City Interborough R. Co.*, 235 App. Div. 525; affd., without opinion, 261 N. Y. 587; *Sackheim* v. *Piqueron*, 215 id. 62, 75.) However, " If it does not appear whether or not the deceased exercised proper care when approaching the crossing, or if the proofs are equally balanced, the defendant fails to bear the burden of proof imposed upon it." (*Schrader* v. *N. Y., C. & St. L. R. R. Co.*, 254 N. Y. 148, 150.) It was further said in the last cited case (p. 151) that " If no warning is given of the approach of the train, silence may at times suggest some relaxation of vigilance; " and further, " Each case is governed by its own conditions and circumstances. No two crossing accidents are identical." The jury in the case at bar

could infer that when the crossing watchman left his post it was because the oncoming freight train gave no signal of its approach, that it was a train which the watchman did not expect, and that his leaving his post to go to the side of the street conveyed some assurance of a safe crossing.· These factors certainly could have suggested to the decedent " some relaxation of vigilance." The appellant does not satisfy us that the plaintiff's proofs established that the decedent could see the approaching freight train at a period of time prior to his having almost reached the track on which it was approaching. The question of contributory negligence, in our opinion, was one of fact.

The claim of reversible error in the charge is predicated upon the elimination by the trial court of the question of contributory negligence because of the defendant's failure to offer any evidence. While the charge in this respect was incorrect, we think it was cured by the subsequent charge, upon the defendant's request, that the jury " may find from the evidence offered by the plaintiff, if they so view it, that the decedent was guilty of contributory negligence." If the defendant felt that a further charge should be made regarding what the jury's verdict should be in the event they found the decedent to have been negligent, this should have been specifically requested. We are of the further opinion that from the proofs offered, and in the circumstances of the case, a verdict· finding the decedent guilty of contributory negligence would have been contrary to the evidence.

The judgment and order denying motion to set aside the verdict should be affirmed, with costs.

Present — LAZANSKY, P. J., YOUNG, KAPPER, HAGARTY and DAVIS, JJ.

Judgment and order denying motion to set aside the verdict in an action for damages for causing death at a railroad crossing unanimously affirmed, with costs.