HOWARD DRENNEN, Respondent, *v.* DANSVILLE AND MOUNT MORRIS RAILROAD COMPANY, Appellant.

Fourth Department, December 23, 1936.

*George D. Newton,* for the appellant.

*Angelo P. Spezzano* [*Austin W. Erwin* with him on the brief], for the respondent.

PER CURIAM. This is a negligence action for damages resulting from personal injuries sustained by plaintiff at a railroad farm crossing when a tractor operated by him collided with defendant's passenger bus operated on its railroad tracks. Immediately before the collision, plaintiff was driving the tractor towards the railroad crossing, with which he was familiar, at a rate of speed of about three miles per hour, while defendant's railroad bus was traveling in the direction of the crossing at the rate of fifteen to twenty miles per hour. It appears from the evidence, including photographic exhibits taken from points nearer the ground than plaintiff's point of vision, and, therefore, showing a less favorable view than he actually had, that plaintiff could have seen the approaching railroad bus if he had looked in the direction from whence it came at any point within twenty feet from the nearest rail of the railroad. " If he had looked at a proper viewpoint he would have seen the approaching train in time to avoid the accident. * * * One who approaches any crossing, at any time, or under any circumstances, without taking any precautions for his safety, is guilty of contributory negligence as matter of law." (*Schrader* v. *N. Y., C. & St. L. R. R. Co.,* 254 N. Y. 148, 151, 152.) " If the crossing is dangerous, the care should be commensurate with the obvious risk." (*Crough* v. *New York Central R. R. Co.,* 260 N. Y. 227, 232.)

" Absence of contributory negligence is as much a part of the cause of action as the negligence of the defendant." (*Tompkins* v. *Barnes,* 145 App. Div. 637, 639; *Fitzpatrick* v. *International R. Co.,* 252 N. Y. 127.) Giving consideration to the respective rates of speed at which the tractor and railroad bus were traveling, and the view which plaintiff would have had of the approaching bus if he had looked in the direction from whence it came at a proper viewpoint, we hold that the verdict of the jury to the effect that plaintiff was not guilty of contributory negligence is contrary to and against the weight of the evidence.

The judgment should be reversed on the law and facts, and the complaint dismissed, with costs.

All concur, except LEWIS, J., who dissents and votes for affirmance. Present — SEARS, P. J., TAYLOR, THOMPSON, CROSBY and LEWIS, JJ.

Judgment reversed on the law and facts, with costs, and complaint dismissed, with costs.