Irene Bazarska, Appellant, v. Anton Meleshko and Olga Meleshko, Respondents.— Appeal from a judgment in favor of defendants, entered on the verdict of a jury, in an action to recover damages for assault and battery. Judgment unanimously affirmed, with costs. The court finds no error which may not be disregarded under section 106 of the Civil Practice Act. Present — Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ.

Continental Inn, Inc., Respondent, v. Leo Waldheimer and Kathryn Waldheimer, Appellants.— Appeal from order in so far as it grants plaintiff's motion under rule 109 of the Rules of Civil Practice, to strike out the first, second and third defenses and to dismiss the first and second counterclaims on the ground they are insufficient in law. Order modified on the law and the facts by allowing defendants, within ten days from the entry of the order hereon, to amend the third affirmative defense and second counterclaim and, as thus modified, the order, in so far as appealed from, is affirmed, without costs. The third counterclaim would seem to afford adequate relief to the defendants in the event there is merit in respect of the matter which they claim they desire to set out in an amended answer in respect of the third affirmative defense and second counterclaim or in the event they wish to invoke damages on the theory of the amount of the premium for insurance covering the chattels, if it be the fact that no insurance was procured by the tenant. Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ., concur.

Ruth M. Endres, Respondent, v. Hugo J. Endres, Appellant.— Action for reformation of a separation agreement and for other relief. Resettled order denying defendant's motion to strike out the plaintiff's first cause of action and for judgment in favor of defendant thereon affirmed, with ten dollars costs and disbursements. There are triable issues in the action. Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ., concur.

Maria L. Flynn, as Administratrix, etc., of John E. Flynn, Deceased, Appellant, v. The Long Island Railroad Company, Respondent.— The action is to recover damages for the death of plaintiff's intestate, who was killed when a motor truck which he was operating was struck by respondent's train at an unguarded crossing. Judgment dismissing the complaint on the merits at the close of plaintiff's case unanimously affirmed, with costs. The evidence shows that the train was running at a high rate of speed; that the whistle was not blown at the whistling post, which was 1,327 feet from the crossing, but was first blown when the train was only 400 feet from the crossing. This proof would justify a finding that the defendant was negligent in not giving timely and adequate notice of the approach of the train. But the proof also discloses that plaintiff's intestate was guilty of contributory negligence as matter of law. As he approached the crossing he had an unobstructed view of the track at least as far east as the whistling post, and if he had looked he would have seen the approaching train in time to avoid the accident. The evidence shows a total lack of care on the part of the deceased. (Crough v. New York Central R. R. Co., 260 N. Y. 227; Schrader v. N. Y., C. & St. L. R. R. Co., 254 id. 148, 150.) Present — Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ.

Berenice R. Frank, Respondent, v. Maryland Casualty Company, Appellant. — Action to recover on an accident insurance policy. Order conditionally granting defendant's motion to dismiss the action affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ., concur.