Deyo, J.
Plaintiff’s wife and mother, sole occupants of his automobile, were struck and killed by defendant’s train at an unguarded country crossing. At the conclusion of all of the evidence the Trial Judge dismissed the complaint.
The accident occurred at about half past four in the afternoon of a dull, dark, November day. The car, which was proceeding in a northerly direction, had stopped to permit an eastbound passenger train to go by. Thereafter, it was driven upon the crossing and was struck by a westbound train. There were no eyewitnesses surviving, other than the members of *125 the two train crews. The acts of negligence charged against the defendant-respondent were its failure to have the headlight lighted and to give warning of the train’s approach. The burden of proof to support these charges was, of course, upon the plaintiff. All that he was able to offer on this score was that several witnesses did not hear a whistle or did not see the headlight. No one stated that the former was not blown or that the latter was out. Negative testimony of this character is of doubtful sufficiency as against the direct, positive evidence which was present in this case to the effect that the whistle was blown and the light was on. (Foley v. New York Central & H. Riv. R. R. Co., 197 N. Y. 430; Culhane v. New York Central & H. Riv. R. R. Co., 60 N. Y. 133.)
But even if we assume that a question of fact was adequately raised as to the negligence of the defendant-respondent, the judgment appealed from must still be sustained, since it affirmatively appears that the plaintiff’s intestate was guilty of contributory negligence as a matter of law. The body of the plaintiff’s intestate was found in the driver’s seat pinned behind the steering wheel. The mother’s body was entirely out of the automobile. In view of the relative ages of the two women, the proof that the plaintiff’s intestate was accustomed to drive an automobile and that it was the plaintiff’s car which was involved, the position in which her body was found admits of no other conclusion than that she was driving at the time the accident occurred. There is not a scintilla of evidence that such was not the case, and any finding to the contrary would have been arbitrary and capricious and the result of conjecture and surmise, entirely unsupported by the proof. In reaching this conclusion'we have not considered the alleged admission of the plaintiff as set forth in a pleading in a subsequent action to the effect that his wife was driving. Although it is of course true that documentary evidence dehors the record may be received upon appeal for the purpose of sustaining a judgment (Dunham v. Townshend, 118 N. Y. 281), such evidence must be of a type that cannot be changed, and the credibility of which is not open to question. Generally, it has been limited to judgment rolls, deeds, proofs of filing and the like, which are not susceptible of variance. (People v. Flack, 216 N. Y. 123.) We do not attribute to an admission in a pleading, which conceivably may be amended, the conclusiveness essential to permit its consideration, and particularly so where, as here, the person making the alleged admission did so in an entirely different capacity.
*126 As the driver of the car, plaintiff’s intestate was under a duty to operate it in a careful and prudent manner and to maintain an adequate lookout for possible danger. The fact that the burden of proof in this respect is upon the defendant-respondent does not change the degree of care required. (Wadsworth v. Delaware, L. & W. R. R. Co., 296 N. Y. 206.)
Quite obviously the plaintiff’s intestate was aware of the crossing, since she stopped to permit the passage of the eastbound train. If she started to cross the tracks without waiting until the eastbound train had proceeded far enough so as to no longer obstruct her vision, as is claimed by the defendant-respondent, it constituted contributory negligence as a matter of law. (Zaun v. Long Island R. R. Co., 139 App. Div. 719, affd. 201 N. Y. 599.) On the other hand, if she waited until the eastbound train had cleared, as the plaintiff contends she did, she should have seen the oncoming westbound train, for it was established by uncontradicted evidence that the view to the east was unobstructed for more than 1,300 feet. This leads to the inescapable conclusion that plaintiff’s intestate either did not look or did not see what there was to be seen. Such failure to use reasonable care and precaution, and such heedlessness in a place of obvious danger, constitutes contributory negligence as a matter of law. (Crough v. New York Central R. R. Co., 260 N. Y. 227; Schrader v. New York, C. & St. L. R. R. Co., 254 N. Y. 148.)
It is argued in this connection that the driver was excused from seeing the train, due to the visibility conditions which prevailed. The evidence does not support any such contention. True, the accident occurred in the late afternoon of a dark November day, but nevertheless, it was clearly and unequivocally established that it was still daylight and that the visibility was at least 1,300 feet. The only witness who gave any testimony to the contrary was nowhere near the scene of the accident when it occurred. All of the other witnesses, whether called by the plaintiff or the defendant, were apparently unhampered by any lack of visibility for they testified at length as to what they saw before, at and after the time of the accident, at distances varying from 300 to 3,000 feet.
Eegardless of whether there was sufficient evidence to warrant submitting the question of defendant-respondent’s negligence to a jury, it was conclusively shown that the plaintiff’s intestate was guilty of contributory negligence, which caused or contributed to her death. The complaint was properly dismissed and the judgment should he affirmed, without costs.
*127 Foster, P. J., Brewster and Bergart, JJ., concur; Hefferrtart, J., dissents, in the following statement: I dissent and vote to reverse the judgment and grant a new trial. The questions of negligence and contributory negligence in this case it seems to me are for a jury.
Judgment affirmed, without costs.