█ HARRIET ROSSMAN, as Administratrix of the Estate of SAMUEL ROSS-MAN, Deceased, Respondent, v. JOSEPH LA GREGA, Defendant, and TOBIAS COHEN et al., Appellants.— In an action to recover damages for wrongful death and conscious pain and suffering, defendants Cohen appeal from an interlocutory judgment of the Supreme Court, Kings County, dated November 12, 1968, which resolved the issue of liability in favor of plaintiff against said defendants, upon a jury verdict after a trial limited to that issue. Interlocutory judgment reversed, on the law and the facts, with costs, and complaint dismissed. On the evening of January 21, 1965, at about 8:00 P.M., appellant Tobias Cohen was driving plaintiff's decedent home from work. While on the Prospect Expressway, driving east, the front left tire of the car belonging to Cohen's wife went flat. He then pulled over from the center lane, in which he had been riding, into the right-hand lane and stopped the car in that lane, a few feet east of the Fifth Avenue overpass. He did not drive onto the paved eight-foot wide shoulder which was used for disabled vehicles. Before leaving the car to call for assistance, but after discussing the matter with the decedent, Cohen asked the decedent to stand in the roadway next to the left front door to wave traffic away from the car. When Cohen had gotten about halfway to the telephone, he heard the screech of brakes. Turning around he saw defendant La Grega's car swerving and wobbling. It made an almost 90-degree turn from the center lane and struck the decedent, pinning him against Cohen's car and killing him. Cohen could not recall whether or not the rear lights on his car were lit at the time of the accident. Photographs taken at the time of the occurrence show the lights were not on. Although the investigating police officers made no note of it in their reports, they believed the lights were on. Conditions on the roadway evidenced light traffic, a clear night and good visibility, a well-lit area, and a slightly wet pavement. In our opinion, the actions of the decedent were so reckless and disregardful of his own safety as to constitute contributory negligence as a matter of law, particularly because there is no other hypothesis by which he may be exculpated (*Crough v. New York Cent. R. R. Co.*, 260 N. Y. 227). The rescue doctrine is inapplicable under these facts. The decedent was not attempting to rescue anyone or anything and his actions lacked the element of spontaneous impulse and inspiration, a sudden emergency, upon which the rescuer's exemption is based (*Cooper v. Teter*, 123 W. Va. 372). Whereas in *Orwat v. Smetansky* (22 N Y 2d 869) there were facts which a jury could consider as efforts by the plaintiffs to exercise due care (the use of a warning light mounted on the vehicle and a flashlight by the man who was assigned to wave traffic by and who did not stand in the roadway), making the question of contributory negligence one of fact for the jury, here none of these circumstances are present. Beldock, P. J., Christ, Rabin, Munder and Martuscello, JJ., concur.